[Cite as *State v. Jones*, 2020-Ohio-1388.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,                  :

    v.                                   :

ELBERT JONES,                               :

    Defendant-Appellant.                 :

Nos. 108694, 108795,
108796, and 108797

_____

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 9, 2020

_____

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-18-631648-A, CR-18-631687-A, and CR-18-635092-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Lindsay Raskin, Assistant Prosecuting
Attorney, *for appellee.*

Ruth R. Fischbein-Cohen, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Elbert Jones, appeals from the trial court's

judgment that sentenced him to an aggregate term of 21 years in prison. Jones

contends that the trial court's judgment was in error because the court should have

merged various offenses as allied offenses of similar import, and the trial court failed to consider the R.C. 2929.11 and 2929.12 sentencing factors. Finding no merit to the appeal, we affirm.

## I. Background

{¶ 2} Jones was charged in three cases relating to three separate incidents that occurred on different dates but were similar in nature. In each incident, Jones and accomplices, with guns drawn, would approach individuals who had just pulled into their driveways and rob them. In two of the three incidents, they forced the victims into their homes and demanded money and other property from them.

{¶ 3} In Cuyahoga C.P. No. CR-18-635092, Jones was charged in a 13-count indictment with three counts of aggravated robbery in violation of R.C. 2911.01(A)(1); six counts of robbery in violation of RC. 2911.02(A)(2) and (3); one count of grand theft in violation of R.C. 2913.02(A)(1); two counts of theft in violation of R.C. 2913.02(A)(1); and one count of having weapons while under disability in violation of R.C. 2923.13(A)(2). Except for the having weapons while under disability charge, all of the charges carried one- and three-year firearm specifications. The offenses occurred on December 18, 2017, at a home on Chagrin Boulevard in Shaker Heights, Ohio; there were two victims.

{¶ 4} In Cuyahoga C.P. No. CR-18-631687, Jones was charged in an eight-count indictment with one count of aggravated burglary in violation of R.C. 2911.11(A)(2); one count of aggravated robbery in violation of R.C. 2911.01(A)(1); three counts of robbery in violation of R.C. 2911.02(A)(1) and (2); one count of

kidnapping in violation of R.C. 2905.01(A)(2); one count of theft in violation of R.C. 2913.02(A)(1); and one count of having weapons while under disability in violation of R.C. 2923.13(A)(2). All charges other than the having weapons while under disability charge had one- and three-years firearm specifications. The offenses occurred on December 19, 2017, at a home on Charney Road in University Heights, Ohio; one victim was involved.

{¶ 5} In Cuyahoga C.P. No. CR-18-631648, Jones was charged in a seven-count indictment with: one count of aggravated robbery in violation of R.C. 2911.01(A)(1); one count of grand theft in violation of R.C. 2913.02(A)(1); one count of theft in violation of R.C. 2913.02(A)(1); one count of criminal damaging in violation of R.C. 2909.06(A)(1); two counts of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B); and one count of having weapons while under disability in violation of R.C. 2923.13(A)(2). Except for the criminal damaging charge, all counts had forfeiture of weapons specifications; the aggravated robbery, grand theft, and theft charges also had one- and three-year firearm specifications. The offenses occurred on January 4, 2018, at a home on Wilton Road in Cleveland Heights, Ohio; there was one victim.

{¶ 6} Jones subsequently entered into a plea agreement with the state. In CR-18-635092, he pleaded guilty to one count of aggravated robbery in violation of R.C. 2911.01(A)(1) with a three-year firearm specification; one count of aggravated robbery in violation of R.C. 2911.01(A)(1); grand theft in violation of R.C.

2913.02(A)(1); and having weapons while under disability in violation of R.C. 2923.13(A)(2). All remaining counts and specifications were nolled.

{¶ 7} In CR-18-631687, Jones pleaded guilty to aggravated robbery in violation of R.C. 2911.01(A)(1) with a one-year firearm specification; and having weapons while under disability in violation of R.C. 2923.13(A)(2). All remaining counts and specifications were nolled.

{¶ 8} In CR-18-631648, Jones pleaded guilty to aggravated robbery in violation of R.C. 2911.01(A)(1) with a three-year firearm specification and two forfeiture of weapons specifications; having weapons while under disability in violation of R.C. 2923.13(A)(2) with two forfeiture of weapons specifications; and grand theft in violation of R.C. 2913.02(A)(1). All remaining counts and specifications were dismissed.

{¶ 9} At sentencing, the trial court noted that the cases involved three separate incidents that occurred on different days and involved different victims, with two victims in CR-18-635092. The court also stated that it had "considered the purposes and principles of sentencing under Revised Code Section 2929.11," as well as "the seriousness and recidivism factors relevant to the offenses and offender pursuant to 2929.12, and the need for deterrence, incapacitation, rehabilitation, and restitution." (Tr. 65.)

{¶ 10} In CR-18-635092, the court sentenced Jones to three years on one aggravated robbery count and three years on the firearm specification (Count 1); and three years on the other aggravated robbery count (Count 6), noting that the counts

involved separate victims. The court ordered the sentences be served consecutively. The court ruled that the grand theft conviction merged with the aggravated robbery counts, and did not sentence Jones on that count. The court sentenced Jones to 12 months on the having weapons while under disability conviction, to be served concurrent with the aggravated robbery conviction, for a total of nine years incarceration.

{¶ 11} In CR-18-631687, the trial court sentenced Jones to four years for aggravated robbery and one year on the firearm specification. The court sentenced Jones to 18 months incarceration on the having weapons while under disability conviction, to be served concurrent with the total five-year sentence for aggravated robbery.

{¶ 12} In CR-18-631648, the court sentenced Jones to four years on the aggravated robbery conviction, consecutive to the three-year firearm specification. The court ruled that the grand theft conviction merged with the aggravated robbery conviction and did not sentence on that count. The court sentenced Jones to 24 months incarceration on the having weapons while under disability conviction, to be served concurrent to the total seven-year sentence for aggravated robbery.

{¶ 13} After making the appropriate findings under R.C. 2929.14(C) to impose consecutive sentences, the trial court ordered that the sentences in the three cases be served consecutively, for a total sentence of 21 years. This appeal followed.

## II. Law and Analysis

### A. Allied Offenses of Similar Import

{¶ 14} In his first assignment of error, Jones contends that the trial court erred in not merging the sentences in each case. He contends that the offenses in each incident are allied because the date, address, and victim are the same.

{¶ 15} R.C. 2941.25, Ohio's allied offenses statute, codifies Ohio's double jeopardy protection regarding when multiple punishments may be imposed. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 12. R.C. 2941.25(A) allows only a single conviction for offenses that constitute "allied offenses of similar import." Under R.C. 2941.25(B), however, a defendant charged with multiple offenses may be convicted of all the offenses if (1) the offenses are dissimilar in import or significance; i.e., each offense caused separate identifiable harm; (2) the offenses were committed separately; or (3) the offenses were committed with separate animus or motivation. *Ruff* at ¶ 13.

{¶ 16} With respect to CR-18-635092, defense counsel conceded at the plea hearing that the two aggravated robbery counts to which Jones was pleading guilty did not merge for sentencing because each count involved a separate victim. (Tr. 35.) *State v. Crawley*, 8th Dist. Cuyahoga No. 99636, 2014-Ohio-921, ¶ 14 (where a defendant commits the same offense against separate victims, a separate animus exists for each victim such that the offenses are not allied). With respect to the other counts, the trial court merged the grand theft conviction with one of the aggravated robbery counts, and did not sentence on that count. Accordingly, the only issue for

appeal is whether the having a weapon while under disability count should have merged with the aggravated robbery convictions. Defense counsel raised this issue at sentencing but the trial court concluded the convictions did not merge. (Tr. 61, 77.)

{¶ 17} In *State v. Brown*, 8th Dist. Cuyahoga No. 102549, 2015-Ohio-4764, this court considered whether a having weapons while under disability offense merged with an aggravated robbery offense. In concluding that the offenses did not merge, the court stated:

> "[The] animus of having a weapon under disability is making a conscious choice to possess a weapon. [The defendant] necessarily acquired the guns sometime prior to committing the other crimes. The fact that he then used the weapons to commit the other crimes does not absolve [the defendant] of the criminal liability that arises solely from his decision to illegally possess the weapons."

*Id.* at ¶ 12-13, quoting *State v. Cowan*, 8th Dist. Cuyahoga No. 97877, 2012-Ohio-5723, ¶ 39; *see also State v. Carradine*, 2015-Ohio-3670, 38 N.E.3d 936, ¶ 58 (8th Dist.) (carrying concealed weapon and having weapons while under disability did not merge because acquisition of the firearm was done with a separate animus than the carrying of the firearm in a concealed manner); *State v. Beeler*, 9th Dist. Summit No. 27309, 2015-Ohio-275, ¶ 27 (aggravated robbery does not merge with having weapons while under disability because defendant's animus to possess a firearm was separate and distinct from his animus to rob pizza shop).

{¶ 18} Similarly, in this case, Jones necessarily acquired and possessed the firearm prior to committing the robberies. The offense of having a weapon while

under disability occurred when Jones acquired and possessed the gun, and the robberies occurred when he used the gun to take the victims' property. That Jones used the firearm to commit the robbery does not absolve him of the criminal liability arising from his illegal possession of the firearm. Accordingly, the trial court did not err in not merging these offenses for sentencing.

{¶ 19} With respect to CR-18-631648, the court merged the grand theft conviction with the aggravated robbery conviction and did not sentence on that count. Thus, the only issue for appeal is whether the trial court erred in not merging the having a weapon while under disability conviction with the aggravated robbery conviction. As discussed above, the offenses involved a separate animus and, therefore, the trial court did not err in not merging the offenses.

{¶ 20} Finally, with respect to CR-18-631687, we find that Jones waived any argument regarding merger of the offenses because defense counsel agreed that the two counts to which Jones pleaded guilty in that case[1] would not merge for sentencing. (Tr. 30.) And even if counsel had not so conceded, in light of our determination that having a weapon while under a disability involves a separate animus from aggravated robbery, the trial court did not err in not merging the convictions in this case.

{¶ 21} Jones's first assignment of error is therefore overruled.

---

[1] Aggravated robbery and having weapons while under disability.

## B. The Trial Court's Consideration of the Sentencing Factors in R.C. 2929.11 and 2929.12

{¶ 22} In his second assignment of error, Jones contends that the trial court failed to consider the principles and purposes of sentencing under R.C. 2929.11 and specifically, the recidivism factor under R.C. 2929.12.

{¶ 23} When sentencing a defendant for felony offenses, the court must consider the purpose and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7. R.C. 2929.11(A) provides that a sentence imposed for a felony shall be reasonably calculated to (1) protect the public from future crime by the offender and others, (2) punish the offender using the minimum sanctions the court determines will accomplish those purposes, and (3) promote the effective rehabilitation of the offender. R.C. 2929.11(B) requires that the sentence be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim," and "consistent with sentenced imposed for similar crimes committed by similar offenders."

{¶ 24} The sentencing court must consider the seriousness and recidivism factors set forth in R.C. 2929.12 in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. *Hodges* at ¶ 9. R.C. 2929.12 sets forth a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood the offender will commit future offenses.

{¶ 25} Trial courts are not required to make factual findings under R.C. 2929.11 or 2929.12. *State v. White*, 8th Dist. Cuyahoga No. 106580, 2018-Ohio-3414, ¶ 9, citing *State v. Kronenberg*, 8th Dist. Cuyahoga No. 101403, 2015-Ohio-1020, ¶ 27. In fact, consideration of the factors is presumed unless the defendant affirmatively demonstrates otherwise. *State v. Seith*, 8th Dist. Cuyahoga No. 104510, 2016-Ohio-8302, ¶ 12. This court has consistently found that a trial court's statement in its sentencing journal entry that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12. *White* at ¶ 9, citing *Kronenberg* at ¶ 27.

{¶ 26} At the sentencing hearing, the trial court stated that it had considered the record, the statements made at the sentencing hearing, the presentence investigation report that included the victim impact statements, and the sentencing memorandum prepared and provided to the court by defense counsel. (Tr. 65.) The court stated further:

> The Court has considered the purposes and principles of sentencing under Revised Code Section 2929.11, and the seriousness and recidivism factors relevant to the offenses and offender pursuant to Revised Code Section 2929.12, and the need for deterrence, incapacitation, rehabilitation, and restitution.

*Id.* Likewise, the court's journal entries of sentencing in each of the three cases states that "[t]he court considered all required factors of the law," and that "the court finds that prison is consistent with the purpose of R.C. 2929.11." Thus, it is apparent that the trial court did indeed consider the required statutory factors before sentencing Jones.

{¶ 27} Jones contends, however, that the trial court did not adequately consider his apology to the court as a mitigating factor regarding the likelihood of recidivism. Jones contends that his remorse over his crimes demonstrated that he is not likely to reoffend in the future, and hence, the trial court should have imposed a lesser sentence.[2]

{¶ 28} The record refutes Jones's argument. The court specifically addressed the issue of recidivism, finding that recidivism was more likely given Jones's prior violent criminal conduct. (Tr. 71-72.) The court then stated, "I understand that Mr. Jones is apologizing, so he's expressing remorse to this Court and apologizing to the victim. So there is a consideration of that." (Tr. 72.)

{¶ 29} It is apparent the trial court considered Jones's apology as a factor relevant to his sentence, but nevertheless concluded that a lengthy prison sentence was necessary to protect the public and punish him. Because the trial court considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the sentencing factors of R.C. 2929.12, Jones's argument is without merit. The second assignment of error is overruled.

{¶ 30} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[2] R.C. 2929.12(E) lists factors that demonstrate the offender is not likely to commit future crimes, including if "the offender shows genuine remorse for the offense." R.C. 2929.12(E)(5).

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR