[Cite as *State v. Raymond*, 2013-Ohio-3144.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99177**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# ANTONIO RAYMOND

DEFENDANT-APPELLANT

**JUDGMENT:**
CONVICTION AFFIRMED;
REVERSED IN PART AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-564004

**BEFORE:** S. Gallagher, J., Stewart, A.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 18, 2013

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
Leader Building, Suite 940
526 Superior Avenue
Cleveland, OH   44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Mary Weston
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

**{¶1}** Appellant Antonio Raymond appeals his conviction for burglary. He also challenges the trial court's imposition of court costs and failure to give jail-time credit. For the reasons stated herein, we affirm the conviction, but reverse in part and remand the matter for the trial court to calculate jail-time credit and to modify its judgment as to court costs.

**{¶2}** As part of a plea agreement, appellant entered a plea of guilty to an amended charge of burglary, a felony of the second degree. Before accepting appellant's guilty plea, the trial court explained appellant's constitutional rights and reviewed the charge to which he was pleading guilty. The court explained the possible penalties of two to eight years in prison and a $15,000 fine. The appellant expressed that he understood. When asked whether any other promises had been made to him, appellant replied, "No, your Honor." The prosecutor and defense counsel indicated their belief that the court complied with Crim.R. 11.

**{¶3}** At sentencing, the victim made a statement in which she expressed that appellant was the main aggressor: he kicked in the door, and he was screaming, "Give me the gun. Shoot them." Appellant made a statement to the court. The court reviewed the presentence investigation report and appellant's criminal history, which included 11 felony convictions. Defense counsel asked the court to consider community control

sanctions, but if it would not, then the minimum prison sentence, "which is what his co-defendants got."

{¶4} The trial court sentenced appellant to five years in prison and imposed three years of mandatory postrelease control. The court ordered restitution in the amount of $1,350. The court indicated that it did not "see any jail time" served and that appellant would not get any jail-time credit. The court denied appellant's request to suspend court costs.

{¶5} Appellant filed this appeal, raising three assignments of error for our review. His first assignment of error is as follows:

I: Appellant did not enter his guilty plea knowingly, intelligently, or voluntarily because the trial court failed to properly inform [him] of the maximum penalties as required by Crim.R. 11(C)(2)(a).

{¶6} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Before accepting a guilty or no-contest plea in a felony case, the court must make the determinations and give the warnings required by Crim.R. 11(C)(2). Substantial compliance is required for nonconstitutional issues, which means "that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). Furthermore, a defendant must show prejudicial effect. *Id.*

**{¶7}** Appellant argues that the trial court failed to inform him of the maximum penalty involved as required by Crim.R. 11(C)(2)(a). Specifically, he complains that pursuant to R.C. 2929.13(D)(1) there is a presumption in favor of a prison term for a felony of the second degree and that he was not so advised.

**{¶8}** Pursuant to Crim.R. 11(C)(2)(a), a trial judge must determine

> that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

In this case, the trial court informed appellant of the maximum penalty involved when it informed him of the possible penalties for a second-degree felony of two to eight years in prison and a $15,000 fine. The court also informed him that if he was eligible for community control, he could be placed on community control for up to five years. Appellant expressed that he understood.

**{¶9}** There is no provision requiring the court to determine that the defendant has an understanding of the statutory presumption in favor of incarceration for a second-degree felony. As found by the Second District,

> It is one thing to advise a defendant who has tendered a guilty plea that the defendant either is, or is not, eligible for probation or, under the new sentencing statute, for a community control sanction. It is quite another to advise a defendant of the statutory presumption in favor of incarceration, and then to ascertain that the defendant understands that presumption. * * *.

> * * * We can understand why the Supreme Court chose not to require that a trial judge must inform a defendant of this statutory provision, and then ascertain that the defendant understands it, before accepting a plea.

We conclude that a trial judge is not required, when accepting a guilty plea, to inform a defendant of the statutory presumption in favor of incarceration for first- and second-degree felonies, and to ascertain that the defendant understands that statutory presumption.

*State v. Gales*, 2d Dist. No. 97-CA-114, 1998 Ohio App. LEXIS 4785 (Oct. 9, 1998).

{¶10} Upon our review, we find that the trial court complied with Crim.R. 11(C) and that appellant's plea was made knowingly, intelligently, and voluntarily. Accordingly, we overrule appellant's first assignment of error.

{¶11} Appellant's second assignment of error is as follows:

II: The trial court erred by ordering appellant to pay costs.

{¶12} At sentencing, defense counsel asserted that appellant is indigent and asked the court to suspend court costs. The trial court denied the request.

{¶13} R.C. 2947.23 requires a trial court to assess costs against all criminal defendants regardless of a defendant's financial status. *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, ¶ 3. While court costs must be imposed, the court "may waive the payment of court costs only upon statutory authority and only if the defendant moves for waiver of costs at the time of sentencing." *Id*. at 11; *see also* R.C. 2947.23(C). Here, although appellant requested a suspension of court costs, the record reflects that no showing of indigency or affidavit of indigency was provided. Therefore, we find no abuse of discretion by the trial court.

**{¶14}** R.C. 2947.23 also provides that, at the time the judge or magistrate imposes sentence, certain notifications are to be given to the defendant. *Clevenger* at ¶ 7. Appellant argues that at the time of sentencing, the trial court did not inform him that he could be required to perform community service if he failed to pay his court costs, as then required by former R.C. 2947.23(A)(1)(a). Our review of the transcript reflects that the notification was not given. However, the statute has since been amended and currently provides that the failure to give this notification does not affect the court's ability to require community service. R.C. 2947.23(A)(1)(b). Further, effective March 22, 2013, the trial court is no longer required to give this notice to offenders who receive a prison sentence. R.C. 2947.23(A)(1)(a); *State v. Haney*, 2d Dist. No. 25344, 2013-Ohio-1924, ¶ 21, citing 2012 Sub.H.B. No. 247.

**{¶15}** A similar situation was presented in *Haney* and in *State v. Veal*, 2d Dist. No. 25253, 2013-Ohio-1577, where the trial court erred by not providing the R.C. 2947.23 notifications required at the time of sentencing, the defendant was sentenced to a prison term, and the notifications were no longer required by the newly amended version of R.C. 2947.23. In those cases, the court modified the judgment to eliminate any requirement that the defendant could be mandated to perform community service in lieu of court costs. *Haney* at ¶ 21; *Veal* at ¶ 20.

**{¶16}** Accordingly, we find the trial court erred in failing to provide the notifications required at the time of sentencing. Because the law no longer requires defendants who are sentenced to prison to be so advised and R.C. 2927.23(C) permits the

court to modify the payment of costs, upon remand, the trial court shall modify its judgment to eliminate any requirement that appellant can be mandated to perform community service should he fail to pay court costs. Appellant's second assignment of error is sustained in this regard.

{¶17} Appellant's third assignment of error is as follows:

III: The trial court erred by failing to give appellant credit for jail time served.

{¶18} Appellant argues that he was not given jail-time credit for the time he spent in jail awaiting disposition of his case and awaiting being transported to prison. The record does not reflect the amount of time appellant may have spent in jail for which he would be entitled to credit under R.C. 2967.191. The state has no objection to a remand for a proper calculation of jail-time credit. Accordingly, we reverse the decision of the trial court as to jail-time credit and remand the matter to the trial court for a calculation of jail-time credit to which appellant is entitled. Appellant's third assignment of error is sustained.

{¶19} Upon remand, the trial court is instructed to (1) modify its judgment to eliminate any possibility that appellant can be required to perform community service should he fail to pay court costs, and (2) calculate and include jail-time credit in a corrected sentencing entry.

{¶20} Conviction affirmed; judgment reversed in part, and cause remanded.

It is ordered that appellant and appellee share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for further proceedings consistent with this opinion.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, A.J., and
EILEEN A. GALLAGHER, J., CONCUR