[Cite as *State v. Stevenson*, 2018-Ohio-2645.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106128**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**TYREZ STEVENSON**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-610985-A

**BEFORE:** Stewart, J., McCormack, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** July 5, 2018

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
820 West Superior Avenue, Suite 800
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

Mary M. Frey
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

\

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Tyrez Stevenson pleaded guilty to counts of robbery and kidnapping, receiving concurrent prison terms of three and ten years, respectively. The court ordered Stevenson to serve those sentences consecutive to a 17-month sentence in Cuyahoga C.P. No. CR-16-611038-A. On appeal, Stevenson complains that the court failed to inform him that there was a presumption of prison time for a first-degree felony (the kidnapping count) and that the court failed to make the mandatory findings necessary to order consecutive service of sentences.

{¶2} We reject Stevenson's first argument that he entered his guilty plea without an understanding of the maximum penalty involved because the court failed to inform him that there was a presumption of prison time for a first-degree felony. Crim.R. 11(C)(2)(a) requires the court to determine that a defendant enters a guilty plea with an understanding of the "maximum penalty involved." That requirement does not require the court to determine that the defendant has an understanding of any statutory presumption in favor of incarceration. *State v. Raymond*, 8th Dist. Cuyahoga No. 99177, 2013-Ohio-3144, ¶ 9; *State v. Gales*, 2d Dist. Greene No. 97-CA-114, 1998 Ohio App. LEXIS 4785 (Oct. 9, 1998). The court informed Stevenson that "felonies of the first degree carry with them a maximum potential penalty of anywhere from 3 to 11 years in prison. Do you understand that?" The first-degree felony count of kidnapping did not involve mandatory prison time, so the court fully complied with Crim.R. 11(C)(2)(a).

{¶3} We can make short work of Stevenson's second argument that the court failed to make the required findings in support of consecutive sentences as required by R.C. 2929.14(C)(4). Stevenson candidly states: "For the record, the trial court did at the sentencing

hearing set forth its findings. It also did so in the Sentencing Journal Entry as now required by [*State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659]." *See* Appellant's brief at 16. Appellate counsel claims to have raised the issue solely to "preserve Appellant's rights[.]" With that concession, and having reviewed the record and confirmed that Stevenson has correctly conceded that the findings for ordering consecutive service were properly made, we overrule Stevenson's second assignment of error.

**{¶4}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

TIM McCORMACK, P.J., and
MARY J. BOYLE, J., CONCUR