[Cite as *State v. Black*, 2020-Ohio-3117.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 108551 |
| v. | : | |
| THOMAS D. BLACK, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 28, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-18-635123-A and CR-18-635291-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Carl J. Mazzone, Assistant Prosecuting Attorney, *for appellee.*

Friedman & Gilbert and Mary Catherine Corrigan, *for appellant.*

EILEEN T. GALLAGHER, A.J.:

{¶ 1} Defendant-appellant, Thomas Black, appeals from his sentence following a guilty plea. He raises the following assignment of error for review:

1. The trial court's sentence was contrary to law.

**{¶ 2}** After careful review of the record and relevant case law, we affirm Black's sentence.

## I. Procedural and Factual History

**{¶ 3}** In Cuyahoga C.P. No. CR-18-635123-A, Black was named in a six-count indictment, charging him with aggravated robbery in violation of R.C. 2911.01(A)(1), with one- and three-year firearm specifications; grand theft in violation of R.C. 2913.02(A)(1); theft in violation of R.C. 2913.02(A)(1); petty theft in violation of R.C. 2913.02(A)(1); criminal damaging or endangering in violation of R.C. 2909.06(A)(1); and having weapons while under disability in violation of R.C. 2923.13(A)(3). The indictment stemmed from allegations that on November 29, 2018, Black robbed a victim at gunpoint, taking the victim's wallet, phone, keys, and 2013 Honda Accord. Later that day, the victim's credit card was used at a gas station and a retail store located in Cuyahoga County. On December 3, 2018, Black was alleged to have been driving the victim's Honda Accord when the vehicle rear-ended a city of Cleveland garbage truck.

**{¶ 4}** In Case No. CR-18-635291-A, Black was named in a four-count indictment, charging him with aggravated robbery in violation of R.C. 2911.01(A)(1); robbery in violation of R.C. 2911.02(A)(2); petty theft in violation of R.C. 2913.02(A)(1); and obstructing official business in violation of R.C. 2921.31(A). The indictment stemmed from allegations that on December 4, 2018, Black attempted to rob a victim of his wallet, keys, and phone. The victim did not comply with Black's

demands and ran away. Black produced what was later learned to be a BB gun during the incident.

{¶ 5} A consolidated plea hearing was held in February 2019. At the onset of the hearing, the state set forth the terms of the proposed plea agreement, and defense counsel confirmed that Black wished to accept the plea agreement and withdraw his previously entered pleas of not guilty. In Case No. CR-18-635123-A, Black agreed to plead guilty to each count of the indictment, in exchange for the deletion of the firearm specification attached to Count 1. In Case No. CR-18-635291-A, Black agreed to plead guilty to aggravated robbery and obstructing official business, as charged in Counts 1 and 4 of the indictment, in exchange for the dismissal of remaining counts.

{¶ 6} Prior to accepting Black's pleas, the trial court engaged Black in the necessary Crim.R. 11(C) plea colloquy. During this colloquy, Black stated that he understood the nature of his charges, the maximum penalties he faced, and the rights he was waiving by entering a plea. Thereafter, Black pleaded guilty in Case No. CR-18-635123-A to aggravated robbery, grand theft, theft, petty theft, criminal damaging or endangering, and having weapons while under disability. In Case No. CR-18-635291-A, Black pleaded guilty to aggravated robbery and obstructing official business.

{¶ 7} Upon accepting Black's guilty plea, the trial court found Black guilty of the offenses and referred him to the Adult Probation Department for the completion of a presentence investigation and report.

{¶ 8} A consolidated sentencing hearing was held in March 2019. At the hearing, the state reiterated the seriousness of the facts supporting the charges and sought the imposition of consecutive sentences. Defense counsel then spoke on Black's behalf. Counsel noted that the subject offenses were likely committed with a BB gun and, therefore, "no one's life * * * was actually in danger." Counsel asserted that drugs played a role in Black's commission of the crimes and further noted that Black has no prior history of violence. Based on these factors, counsel sought "probation, or in the alternative, a minimum sentence for the crimes that have been pled to." Black also spoke on his own behalf. He expressed remorse for his "negative actions" and indicated that he has "a problem using K2," and needs rehabilitation.

{¶ 9} In consideration of the foregoing statements together with Black's presentence-investigation report, the trial court imposed an aggregate seven-year prison term. In Case No. CR-18-635291-A, the trial court sentenced Black to seven years in prison on the aggravated robbery offense, to run concurrently with a 90-day jail term imposed on the obstructing official business offense. In Case No. CR-18-635123-A, the trial court sentenced Black to seven years in prison on the aggravated robbery offense, 12 months in prison on the grand theft offense, 12 months in prison on the theft offense, nine months in prison on the having weapons while under disability offense, 180 days in jail on the petty theft offense, and 180 days in jail on the criminal damaging offense. The court expressed that the terms were ordered to be served concurrently with each other, and concurrently with the sentence imposed in Case No. CR-18-635291-A. (Tr. 45.)

{¶ 10} Black now appeals from his sentence.

## II. Law and Analysis

{¶ 11} In his sole assignment of error, Black argues his prison sentence is contrary to law. He contends that the record is devoid of any evidence that the trial court carefully considered the sentencing factors set forth under R.C. 2929.11 and 2929.12.

{¶ 12} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law."

{¶ 13} A sentence is contrary to law if it falls outside the statutory range for the particular degree of offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58. R.C. 2929.11 and 2929.12 are not fact-finding statutes. Therefore, although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the court is not required to make findings or give reasons for imposing more than the minimum sentence. *State v. Pavlina*, 8th Dist. Cuyahoga No. 99207, 2013-

Ohio-3620, ¶ 15, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. "Appellate courts are to afford deference to a trial court's broad discretion in making sentencing decisions." (Citation omitted.) *State v. Shivers*, 8th Dist. Cuyahoga No. 105621, 2018-Ohio-99, ¶ 9.

{¶ 14} Applying the foregoing, courts have "refused to find that a sentence is contrary to law when the sentence is in the permissible range, and the court's journal entry states that it 'considered all required factors of the law' and 'finds that prison is consistent with the purposes of R.C. 2929.11.'" *State v. Williams*, 8th Dist. Cuyahoga No. 100042, 2014-Ohio-1618, ¶ 17, quoting *State v. May*, 8th Dist. Cuyahoga No. 99064, 2013-Ohio-2697, ¶ 16.

{¶ 15} Under R.C. 2929.11(A), the three overriding purposes of felony sentencing are "to protect the public from future crime by the offender and others," "to punish the offender using the minimum sanctions that the court determines accomplish those purposes * * *," and "to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." Additionally, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 16} Furthermore, in imposing a felony sentence, "the court shall consider the factors set forth in [R.C. 2929.12(B) and (C)] relating to the seriousness of the

conduct [and] the factors provided in [R.C. 2929.12(D) and (E)] relating to the likelihood of the offender's recidivism * * *." R.C. 2929.12.

{¶ 17} When a sentence is imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12, "[a]n appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, at ¶ 23.

> Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.

*Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 18} On appeal, Black does not dispute that his individual prison terms were imposed within the applicable statutory ranges set forth under R.C. 2929.14. Nevertheless, Black argues that "there is no reasonable basis to conclude that the trial court constructively made the necessary considerations" under R.C. 2929.11 and 2929.12. Relying on his genuine remorse and the trial court's obligation to use the minimum sanctions available, Black maintains that he "should have been given the opportunity to complete a period of community control and/or a minimum prison sentence of three (3) years."

{¶ 19} After careful review of the record, we find Black's position to be without merit. In this case, the trial court expressed in each sentencing journal entry

that it considered all required factors of law and that Black's sentence is consistent with the purposes of R.C. 2929.11. In addition, the trial court stated on the record that it was required to comply with the purposes and principles of felony sentencing. (Tr. 43.) The court, therefore, fulfilled its obligations under both R.C. 2929.11 and 2929.12.

{¶ 20} Although the trial court had no obligation to do so, the record further reflects that the trial court articulated the relevant seriousness factors it considered in formulating Black's sentence, stating:

> You think about the [seriousness] factors, the victims, the psychological harm of coming out of a car and someone grabbing them with a gun or alleged gun and taking their material and wallet and car, that's pretty serious. The fact that you were committing these offenses with a perceived firearm is also a serious factor.

(Tr. 44.) Similarly, the court summarized the relevant mitigating factors it considered, including Black's acknowledgment of guilt, his acceptance of responsibility, and his minimal criminal history. (Tr. 45.)

{¶ 21} Viewing Black's arguments in their entirety, it is evident that he believes the trial court failed to effectively balance the relevant sentencing factors in this matter. However, we are not permitted to substitute our judgment for that of the sentencing court. *State v. Franklin*, 8th Dist. Cuyahoga No. 107482, 2019-Ohio-3760, ¶ 47. Moreover, we are not empowered to reweigh sentencing factors. *Id.* As this court has previously explained that:

> "'The weight to be given to any one sentencing factor is purely discretionary and rests with the trial court.'" *State v. Price*, 8th Dist. Cuyahoga No. 104341, 2017-Ohio-533, ¶ 20, quoting *State v. Ongert*,

8th Dist. Cuyahoga No. 103208, 2016-Ohio-1543, ¶ 10, citing *State v. Torres*, 8th Dist. Cuyahoga No. 101769, 2015-Ohio-2038, ¶ 11. A lawful sentence "'cannot be deemed contrary to law because a defendant disagrees with the trial court's discretion to individually weigh the sentencing factors. As long as the trial court considered all sentencing factors, the sentence is not contrary to law and the appellate inquiry ends.'" *Price* at *id.*, quoting *Ongert* at ¶ 12.

*State v. Bailey*, 8th Dist. Cuyahoga No. 107216, 2019-Ohio-1242, ¶ 15.

{¶ 22} Based on the foregoing, we find there is no objective information in the record to suggest the trial court (1) failed to consider R.C. 2929.11 and 2929.12 in formulating the sentence, or (2) relied on demonstrably false or inaccurate information when making these considerations. Rather, the record reflects that the court thoroughly considered the purposes and principles of felony sentencing required by R.C. 2929.11 and the seriousness and mitigating factors outlined in R.C. 2929.12. While Black's remorse and minimal criminal history are relevant factors, so too are the factors correlating to the psychological and economic harm suffered by the victims, and Black's commission of the offenses while under intervention. *See* R.C. 2929.12. Accordingly, we are unable to conclude that Black's individual sentences were clearly and convincingly unsupported by the record.

{¶ 23} Black's sole assignment of error is overruled.

{¶ 24} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, ADMINISTRATIVE JUDGE

PATRICIA ANN BLACKMON, J., and
RAYMOND C. HEADEN, J., CONCUR