[Cite as *State v. Riemer*, 2021-Ohio-4122.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 110314 |
| v. | : | |
| MANUEL RIEMER, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 18, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-652216-C

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Michael W. Timms, Assistant Prosecuting Attorney, *for appellee.*

Erin R. Flanagan, Esq., Ltd., and Erin R. Flanagan, *for appellant.*

MARY J. BOYLE, A.J.:

{¶ 1} Defendant-appellant, Manuel Riemer, appeals his convictions. He raises the following assignment of error for review:

The trial court erred by sentencing appellant without reference to R.C. 2929.11 and/or R.C. 2929.12.

{¶ 2} Finding no merit to Riemer's assignment of error, we affirm.

## I. Facts and Procedural History

{¶ 3} On September 14, 2020, Riemer and his two brothers were indicted on three counts: aggravated burglary in violation of R.C. 2911.11(A)(1), a first-degree felony, with one- and three-year firearm specifications pursuant to R.C. 2941.141(A) and R.C. 2941.145(A) (Count 1); felonious assault in violation of R.C. 2903.11(A)(2), a second-degree felony, with one- and three-year firearm specifications (Count 2); and carrying a concealed weapon in violation of R.C. 2923.12(A)(2), a fourth-degree felony (Count 3).

{¶ 4} The charges arose from an April 10, 2020 assault at the Courtyard Café in Brecksville. Riemer drove his two brothers to the restaurant, where one of the brothers was employed. The two brothers allegedly entered the restaurant, one of them carrying a gun, and beat a kitchen employee with the gun. Riemer then drove his brothers back to their home in Richfield.

{¶ 5} On December 29, 2020, Riemer entered a negotiated plea. In exchange for Riemer's plea, the state reduced Count 1 to burglary in violation of R.C. 2911.12(A)(3), a third-degree felony. Riemer pled guilty to Count 1 as amended and Count 2 as indicted. The firearm specifications were deleted from Counts 1 and 2. Count 3 was dismissed. The trial court accepted Riemer's plea and ordered a presentence investigation report.

{¶ 6} Riemer was sentenced on January 26, 2021. The trial court opened the sentencing hearing by reviewing the presentence investigation report. The state presented the Riemer brothers' "extensive" criminal history, which had increased in "seriousness" and "viciousness" over the past few years. The state explained that Riemer himself had been adjudicated delinquent as a juvenile and had a history of violent and drug-related crimes. The trial court noted that Riemer had allegedly reoffended just two days after being released on bond in the present case and was returned to county jail. The defense emphasized that until the present case, Riemer's adult record had included only misdemeanor offenses. The trial court also heard from Riemer's adoptive father, who related the difficult circumstances of Riemer's early years growing up in an orphanage in Guatemala.

{¶ 7} Before sentencing, Riemer was given a chance to address the court. Riemer explained that he often drove his brothers to work, and April 10, 2020, had been just "another normal day." Riemer stated that he only later learned of the assault after he and his brothers had been arrested. The trial court admonished Riemer for feigning ignorance to his brothers' completed crime because, the state alleged, security cameras showed that the brothers had exited the Courtyard with the gun in plain view.

{¶ 8} The trial court sentenced Riemer to a five-year community control sanction. The trial court initially intended that Riemer would serve the first six months of his five-year community control sanction under house arrest. After learning that Riemer had drug and alcohol addictions, however, the trial court

ordered the first six months to be served at The McDonnell Center where Riemer would receive treatment for his addictions.

{¶ 9} In its January 28, 2021 sentencing journal entry, the trial court stated:

> The court considered all required factors of the law. The court finds that a community control / probation sanction will adequately protect the public and will not demean the seriousness of the offense. It is therefore ordered that the defendant is sentenced to 5 years of community control / probation on each count, under supervision of the adult probation department with the following conditions: [The] [d]efendant [is] to abide by the rules and regulations of the probation department. * * *
>
> If found eligible, as a condition of [the] defendant's community control, pursuant to R.C. 2929.16(A)(1), the defendant is ordered into the McDonnell Center * * * and to successfully complete the [Community Based Correctional Facility] Program[.] * * * [I]f the defendant fails to follow the program rules and regulations, * * * or if the defendant is discharged for any reason, other than a successful discharge, [the] defendant shall be taken into custody by the county jail and held without bond until further order of this court. * * *
>
> [The] defendant [is] ordered to submit to regular drug testing, obtain / maintain verifiable employment, [and] provide proof of employment to the probation department. Violation of the terms and conditions may result in more restrictive sanctions, or a prison term of 5 years, as approved by law: Count 1, 36 months [and] Count 2, 5 years, [to be served] concurrently * * * and post-release control for 3 years mandatory.

{¶ 10} Riemer now appeals this order.

## II.   R.C. 2929.11 and 2929.12

{¶ 11} In his sole assignment of error, Riemer argues that during sentencing, the trial court failed to consider sentencing principles and factors under R.C. 2929.11 and 2929.12. Specifically, Riemer argues that although the trial court

referenced these statutes in its sentencing journal entry, it failed to outline the policies and principles of felony sentencing pursuant to R.C. 2929.11 and failed to analyze the sentencing factors pursuant R.C. 2929.12 on the record. The state points out that during plea negotiations, Riemer requested community control in place of prison and received what he requested.

{¶ 12} Riemer acknowledges that this court has held "a trial court's statement in its sentencing journal entry that it considered the required statutory factors is enough to fulfill its obligations under R.C. 2929.11 and 2929.12." Nevertheless, Riemer contends that a trial court's mere recitation that it considered the statutory factors during sentencing values form over substance, thereby "depriv[ing] the public of one of the essential functions of criminal sentencing, i.e., transparency in our system of criminal justice." Reimer requests this court to overrule precedent. We decline to do so.

{¶ 13} This court reviews felony sentencing under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court "shall review the record, including the findings underlying the sentence * * * given by the sentencing court" and "may vacate the sentence and remand the matter to the sentencing court for resentencing" only if it "clearly and convincingly finds" "the sentence * * * contrary to law." *Id.*

{¶ 14} A sentence is contrary to law if it falls outside the statutory range for a particular offense or if the trial court fails to consider the purposes and principles

of felony sentencing pursuant to R.C. 2929.11 and the sentencing factors pursuant to R.C. 2929.12. *State v. Black*, 8th Dist. Cuyahoga No. 108551, 2020-Ohio-3117, ¶ 13, citing *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58. R.C. 2929.11 and 2929.12 are not fact-finding statutes. *State v. Boyd*, 8th Dist. Cuyahoga No. 109052, 2020-Ohio-5181, ¶ 18.

{¶ 15} As set forth in R.C. 2929.11, felony sentencing must be "reasonably calculated" to realize "three overriding purposes of felony sentencing": (1) protecting the public, (2) punishing the offender, and (3) promoting rehabilitation of the offender. R.C. 2929.11(A) and (B). A sentencing court must endeavor to use "the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources" and impose a sentence "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim." R.C. 2929.11(A) and (B).

{¶ 16} The sentencing court "has discretion to determine the most effective way to comply" with the purposes and principles of felony sentencing. R.C. 2929.12(A). R.C. 2929.12 provides a nonexhaustive and nonexclusive list of factors the court must consider when imposing a felony sentence. Such factors relate to "the seriousness of the conduct," R.C. 2929.12(B) and (C), "the likelihood of the offender's recidivism," R.C. 2929.12(D) and (E), and "the offender's military service," if any. R.C. 2929.12(A). The sentencing court also "may consider any other factors that are relevant to achieving th[e] purposes and principles of sentencing." R.C. 2929.12(A).

**{¶ 17}** While the sentencing court must consider purposes and principles of felony sentencing set forth in R.C. 2929.11 and sentencing factors set forth in R.C. 2929.12, the court is not required to make findings or give reasons supporting the factors when imposing a sentence that is not considered contrary to law. *State v. Reindl*, 8th Dist. Cuyahoga Nos. 109806, 109807, and 109808, 2021-Ohio-2586, ¶ 24. *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, permits an appellate court to review whether the trial court considered the R.C. 2929.12 factors but not independently review the weight the trial court accorded each factor in its sentencing decision. *State v. Ongert*, 8th Dist. Cuyahoga No. 103208, 2016-Ohio-1543, ¶ 14-15. A sentence is not contrary to law merely because the defendant disagrees with the way the trial court weighed and applied the R.C. 2929.11 and 2929.12 factors in fashioning an appropriate sentence. *Reindl* at ¶ 25, citing *State v. Solomon*, 8th Dist. Cuyahoga No. 109535, 2021-Ohio-940, ¶ 115.

**{¶ 18}** A statement in the sentencing journal entry showing that the trial court considered the required statutory factors, without more, is sufficient to fulfill a trial court's obligations under the sentencing statutes. *State v. Whitehead*, 8th Dist. Cuyahoga No. 109599, 2021-Ohio-847, ¶ 34, citing *State v. Seith*, 8th Dist. Cuyahoga No. 104510, 2016-Ohio-8302, ¶ 12. Moreover, "'[c]onsideration of the factors is presumed unless the defendant affirmatively shows otherwise.'" *Id.*, citing *Seith* at ¶ 12, and *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 11.

**{¶ 19}** In this case, the trial court expressly stated in the sentencing journal entry that it had "considered all required factors of the law" and found "that a community control / probation sanction will adequately protect the public and will not demean the seriousness of the offense." The entry quotes from R.C. 2929.11(A) and (B), showing the trial court's awareness of the purposes and principles of felony sentencing when it imposed Riemer's sentence. The entry also states that the sentence comports with these purposes and principles after consideration of the R.C. 2929.12 factors. Without more, the sentencing journal entry fulfills the trial court's obligations under R.C. 2929.11 and 2929.12.

**{¶ 20}** Nevertheless, argues Riemer, the trial court's mere recitation that it considered the statutory factors privileges form over substance. Not so. The trial court's sentencing journal entry abridges its fuller consideration of the factors before and during the sentencing hearing. Neither R.C. 2929.11 nor 2929.12 requires the court to make findings or give reasons for the sentence it imposes. *Whitehead* at ¶ 34. However, in this case, the trial court explained its rationale for imposing the sentence during the sentencing hearing.

**{¶ 21}** The trial court opened the sentencing hearing by stating that it reviewed the presentence investigation report and interrupted the state's explanation of the Riemer brothers' "extensive" criminal history to confirm that Riemer could hear what the trial court had learned about him during the pendency of the case. The presentence investigation report showed that the brothers' crimes had grown more serious and vicious over the past few years. The report also showed

that Riemer himself had been adjudicated delinquent as a juvenile and had a history of violent and drug-related crimes. *See* R.C. 2929.12(D)(2).

{¶ 22} In addition, the trial court observed that Riemer had allegedly reoffended and was arrested just two days after being released on bond in the present case and was returned to jail. *See* R.C. 2929.12(D)(5). Further, after being given an opportunity to address the court before sentencing, Riemer claimed that he first learned of the assault after he and his brothers had been arrested, which compelled the trial court to admonish Riemer about the gravity of the offense and lying to the court. *See* R.C. 2929.12(B)(2) and (D)(5). Riemer replied that he understood.

{¶ 23} The trial court balanced these factors relating to the seriousness of Riemer's conduct, R.C. 2929.12(B), and likelihood of recidivism, R.C. 2929.12(D), against several mitigating factors. The court took note of Riemer's adult criminal history, which until present included only misdemeanor offenses. The trial court also took note of Riemer's difficult early childhood growing up in an orphanage in Guatemala. Finally, the court took note of Riemer's drug and alcohol addictions and amended the first six months of his five-year community control sanction from house arrest to six months of treatment for drug and alcohol addiction at The McDonnell Center.

{¶ 24} Based on the record before us, we cannot say that the trial court failed to consider the R.C. 2929.12 sentencing factors or these factors' relationship to the purposes and principles of felony sentencing. In its sentencing journal entry, the

trial court states that the community control sanction would "adequately protect the public" and "not demean the seriousness of the offense." These two statutory sentencing principles express a concern for the public and the victim, which strongly suggests that on balance, this sentence benefited Riemer. Following *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 123, we will not independently review the weight the trial court accorded each factor in its sentencing decision. The trial court complied with its obligations under R.C. 2929.11 and 2929.12, and Riemer has not affirmatively shown otherwise.

{¶ 25} Accordingly, we overrule Riemer's sole assignment of error.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
LISA B. FORBES, J., CONCUR