[Cite as *State v. Rupert*, 2022-Ohio-329.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO                                        C.A. No.        21CA0032-M

    Appellee

    v.                                                        APPEAL FROM JUDGMENT
                                                              ENTERED IN THE
KAITLIN RUPERT                                    COURT OF COMMON PLEAS
                                                              COUNTY OF MEDINA, OHIO
    Appellant                                       CASE No.        21CR0141

DECISION AND JOURNAL ENTRY

Dated: February 7, 2022

HENSAL, Presiding Judge.

{¶1}    Kaitlin Rupert appeals from the judgment of the Medina County Court of Common Pleas.  This Court affirms.

I.

{¶2}    A grand jury indicted Ms. Rupert on two counts of endangering children and one count of tampering with evidence.  Ms. Rupert initially pleaded not guilty.  The trial court later held a change of plea hearing via videoconference wherein the State agreed to dismiss the tampering-with-evidence count and one count of endangering children.  In return, Ms. Rupert agreed to plead guilty to one count of endangering children under Revised Code Section 2919.22(B)(1), (E)(2)(d), a second-degree felony.

{¶3}    The trial court engaged in a Criminal Rule 11(C)(2) plea colloquy with Ms. Rupert.  It advised her, in part, that the maximum sentence she could receive for the charged offense was an indefinite prison term between eight to twelve years.  After the colloquy, Ms.

Rupert pleaded guilty, and the trial court accepted her plea. At the conclusion of that hearing, the trial court set the matter for sentencing at a later date.

{¶4} At the sentencing hearing, Ms. Rupert's counsel acknowledged that a second-degree felony carries a presumption in favor of a prison sentence, but argued that Ms. Rupert should be sentenced to probation. The trial court then recited some of the facts surrounding the charged offense, and determined that a prison sentence was appropriate. It sentenced her to an indefinite prison term of a minimum of six years and a maximum of not more than nine years. Ms. Rupert now appeals, raising two assignments of error for this Court's review.

ASSIGNMENT OF ERROR I

APPELLANT DID NOT ENTER HER GUILTY PLEA KNOWINGLY, INTELLIGENTLY, OR VOLUNTARILY BECAUSE THE TRIAL COURT FAILED TO PROPERLY INFORM HER OF THE MAXIMUM PENALTIES AS REQUIRED BY CRIM.R. 11(C)(2)(A).

{¶5} In her first assignment of error, Ms. Rupert argues that she did not knowingly, intelligently, or voluntarily plead guilty because the trial court failed to advise her that the penalty for the charged offense includes a presumption in favor of a prison term. As a result, she argues, the trial court did not advise her of the maximum penalty as required under Criminal Rule 11(C)(2)(a).

{¶6} As previously noted, Ms. Rupert pleaded guilty to endangering children under Section 2919.22(B)(1), (E)(2)(d), a second-degree felony for which a presumption in favor of a prison term applies. Section 2929.13(D)(1). Among other advisements during the plea colloquy, the trial court advised Ms. Rupert that the maximum sentence she could receive was an indefinite prison term between eight and twelve years. It did not inform her that there was a presumption in favor of a prison term.

**{¶7}** Ms. Rupert's argument requires this Court to conclude that failing to advise a defendant that the charged offense carries a presumption in favor of a prison term is akin to failing to advise a defendant of the maximum penalty for that offense. She has pointed this Court to no authority that has reached that conclusion. Instead, courts have reached the opposite conclusion, rejecting the same argument Ms. Rupert has raised on appeal. *See, e.g.*, *State v. Raymond*, 8th Dist. Cuyahoga No. 99177, 2013-Ohio-3144, ¶ 7-10 (analyzing Rule 11(C)(2)(a) and rejecting the defendant's argument that the trial court failed to inform him of the maximum penalty for his offense because it did not inform him of the presumption in favor of a prison term); *State v. Stevenson*, 8th Dist. Cuyahoga No. 106128, 2018-Ohio-2645, ¶ 2 (same); *State v. Gales*, 2d Dist. Greene No. 97-CA-114, 1998 WL 698363, *4 (Oct. 9, 1998) ("We conclude that a trial judge is not required, when accepting a guilty plea, to inform a defendant of the statutory presumption in favor of incarceration for first -and second-degree felonies, and to ascertain that the defendant understands that statutory presumption."). Ms. Rupert has not met her burden of establishing error on appeal. *State v. Mastice*, 9th Dist. Wayne No. 06CA0050, 2007-Ohio-4107, ¶ 7 ("An appellant has the burden of demonstrating error on appeal."). Accordingly, her first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY IMPOSING AN INDEFINITE PRISON SENTENCE UPON APPELLANT WHICH IS UNCONSTITUTIONAL.

**{¶8}** In her second assignment of error, Ms. Rupert asserts that the trial court erred by imposing an indefinite prison sentence because such sentences are unconstitutional. She asserts that her trial counsel did not object on the basis of the Reagan Tokes Law, and that she is raising this issue on appeal to preserve her rights for any future remedies and/or litigation. She also asserts that the issues regarding her sentence are presently before the Ohio Supreme Court in

*State v. Maddox*, No. 2020-1266, as well as 11 other cases, and that she incorporates the arguments made by the defendants in those cases into her merit brief.

{¶9} We decline to address the merits of Ms. Rupert's second assignment of error because she has failed to properly develop an argument in support of her position. Appellate Rule 16(A) requires an appellant's brief to include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Ms. Rupert's second assignment of error does not satisfy this rule. Instead, her merit brief contains general references to the constitution, the Reagan Tokes Law, and to other cases presently before the Ohio Supreme Court. Without offering any analysis, she then attempts to incorporate the arguments made by the defendants in those cases into her merit brief. Ms. Rupert, however, has the burden of establishing error on appeal, and cannot simply incorporate arguments from other cases into her merit brief. *See Mastice* at ¶ 7 ("An appellant has the burden of demonstrating error on appeal."); *In re T.D.*, 9th Dist. Wayne No. 16AP0035, 2018-Ohio-204, ¶ 14 ("Parties * * * cannot simply incorporate arguments by reference to other documents."). Because Ms. Rupert has not properly developed an argument in support on her second assignment of error, we decline to address it. Accordingly, Ms. Rupert's second assignment of error is overruled.

III.

{¶10} Ms. Rupert's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

THOMAS REIN, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.