[Cite as *State v. Liotta*, 2026-Ohio-564.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 115226 |
| v. | : | |
| ANTHONY LIOTTA, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 19, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-696082-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney and Chloe Robinson, Assistant Prosecuting Attorney, *for appellee*.

Law Office of Anthony J. Richardson II, LLC, and Anthony J. Richardson II, *for appellant*.

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Anthony Liotta ("Liotta"), appeals from the Cuyahoga County Court of Common Pleas contesting his guilty plea and sentence

for domestic violence and harassment with a bodily substance.  He raises the following assignments of error for review:

> **Assignment of Error I:**  Reversal is proper where [Liotta] did not make a knowing, intelligent, and voluntary plea.
>
> **Assignment of Error II:**  Reversal is proper where the trial court failed to consider R.C. 2929.12 when imposing sentences.
>
> **Assignment of Error III:**  The trial court failed to order a definite sentence, leaving the executive branch to act as judge.

{¶ 2}   For the reasons that follow, we affirm.

## I.  Facts and Procedural History

{¶ 3}   In October 2024, Liotta was charged in a five-count indictment that included:  one count of domestic violence, a third-degree felony; two counts of abduction, which are third-degree felonies; one count of harassment with a bodily substance, a fifth-degree felony; and violating a protection order, a first-degree misdemeanor.  The charges stemmed from an incident with Liotta's wife in which Liotta punched his wife in the head several times and restrained her from leaving their home.  Then when police arrived, Liotta yelled obscenities and spat at them.

{¶ 4}   In January 2025, Liotta pled guilty to one count of domestic violence, a third-degree felony, and one count of harassment with a bodily substance, a fifth-degree felony.  In exchange for his plea of guilt, the State dismissed the two counts of abduction and the one count of violating a protection order.

{¶ 5}   On February 11, 2025, Liotta was sentenced to 36 months in prison on the domestic-violence charge, and 12 months in prison on the charge of harassment with a bodily substance.  The sentences were ordered to be served

concurrently.  In addition, Liotta was sentenced to a mandatory minimum of one year up to a maximum of three years of postrelease control ("PRC") on both counts. He received 123 days of jail-time credit and was ordered to pay court cost.

{¶ 6}  Liotta now appeals.

## II.  Law and Analysis

{¶ 7}  In Liotta's first assignment of error, he alleges that his guilty plea was not entered knowingly, intelligently, and voluntarily because the trial court did not inform him that he faced a presumption of prison when pleading guilty to a third-degree felony domestic violence.  We find Liotta's argument unpersuasive.

{¶ 8}  When determining whether a plea was made knowingly, intelligently, and voluntarily, a reviewing court must examine "the totality of the circumstances through a de novo review."  *State v. Nevels*, 2020-Ohio-915, ¶ 19 (8th Dist.), citing *State v. Albright*, 2019-Ohio-1998, ¶ 16 (8th Dist.).

{¶ 9}  Crim.R. 11(C)(2) provides that a trial court may not accept a plea of guilty in a felony case without first addressing the defendant personally and (a) determining that they understand the nature of the charges and of the maximum penalty involved, (b) informing them of and determining that they understand the effect of the plea of guilty, and (c) informing them of and determining that they understand the constitutional rights they are waiving by entering their plea. Crim.R. 11(C)(2)(a)-(c).  When reviewing a defendant's plea, the Ohio Supreme Court has advised that our focus is not "whether the trial court has '[incanted] the precise verbiage' of the rule . . . but on whether the dialogue between the court and

the defendant demonstrates that the defendant understood the consequences of his plea." *State v. Dangler*, 2020-Ohio-2765, ¶ 12, quoting *State v. Stewart*, 51 Ohio St.2d 86, 92 (1977).

{¶ 10} In *Dangler*, the Ohio Supreme Court summarized appellate review of a trial court's compliance with Crim.R. 11(C) as follows:

> Properly understood, the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden? If the plea was not made knowingly, intelligently, and voluntarily, enforcement of that plea is unconstitutional.

*Id.* at ¶ 10.

{¶ 11} The *Dangler* Court further explained that a demonstration of prejudice is not required in two limited circumstances. First, "[w]hen a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Id.* at ¶ 14. Second, "a trial court's complete failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." *Id.* at ¶ 15.

{¶ 12} Liotta maintains that his plea was not voluntary because the trial court failed to inform him that there was a presumption of prison time for a third-degree felony domestic-violence conviction. Liotta's argument is misguided for two reasons. First, the presumption of prison for third-degree felony domestic-violence

convictions as set forth in Ohio House Bill 111, did not take effect until March 20, 2025, which was long after Liotta was indicted and sentenced. At the time Liotta was indicted and sentenced, there was no presumption of prison time for third-degree felony domestic-violence convictions. R.C. 2914.14(A)(3)(a). Accordingly, the presumption did not apply to Liotta. Secondly, this court has held that although Crim.R. 11(C)(2)(a) requires that the defendant understands the "maximum penalty involved," that obligation does not require the court to inform a defendant of the statutory presumption in favor of incarceration or ascertain that the defendant understands that statutory presumption. *State v. Stevenson*, 2018-Ohio-2645, ¶ 2 (8th Dist.), citing *State v. Raymond*, 2013-Ohio-3144, ¶ 9 (8th Dist.); *State v. Gales*, 1998 Ohio App. LEXIS 4785 (2d Dist. Oct. 9, 1998). Therefore, even if the statutory presumption had applied, the trial court was not required to advise Liotta of the presumption.

{¶ 13} Furthermore, a review of the plea colloquy confirms that Liotta was correctly advised and understood the maximum potential penalty involved. The trial court advised Liotta as follows:

> COURT: So, Count 1 domestic violence a felony of the third degree has a potential for a term of incarceration in the state prison of 9, 12, 18, 24, 30, or 36 months and a fine up to $10,000.
>
> [Count 4 harassment with a bodily substance a f]elony of the fifth degree has a potential for a term of prison of 6, 7, 8, 9, 10, 11, or 12 months and a fine up to $2,500.
>
> Both of them also have the potential for Community Control Sanctions which is probation where the Court and the Probation Department would impose rules on you that

you must follow. If you fail to follow those rules, the Court could then send you to prison or impose other more restrictive sanctions on your probation including extending the period of your Community Control Sanction.

If you are sent to prison, upon your release then you will have a mandatory period of Post-Release Control of one year up to a maximum of three years.

. . .

[Do] you understand all that?

LIOTTA:     I understand it.

(Tr. 11-13.) Based on the foregoing exchange, we find that Liotta understood the nature of the charges and the maximum penalty involved.

{¶ 14} Liotta also asserts that he was advised that a prison term would not be imposed. The record, however, does not support Liotta's assertion. In fact, during the plea colloquy, the trial court specifically questioned Liotta regarding any off-the-record promises, asking:

COURT:     Has anyone threatened or promised you anything to force you to change your plea here today other than what's been stated on the record by the State?

LIOTTA:     No, Your Honor.

COURT:     Do you understand there's no promise of any particular sentence in this matter? The Court could, if I choose, proceed with judgment. I could sentence you immediately after I accept your plea.

LIOTTA:     I understand.

(Tr. 13.) Again, it is clear from the record before this court that Liotta was properly advised of the maximum potential sentence and that Liotta was not promised

probation in exchange for his plea of guilt. In addition, Liotta understood the nature of the charges and of the maximum penalty involved. Therefore, we find that Liotta's plea was knowingly, intelligently, and voluntarily entered.

{¶ 15} Accordingly, Liotta's first assignment of error is overruled.

{¶ 16} In his second assignment of error, Liotta contends that the trial court failed to consider the seriousness and recidivism factors as set forth in R.C. 2929.12 when sentencing Liotta. Specifically, he contends that the trial court failed to analyze the sentencing factors on the record or in the sentencing journal entry. We find Liotta's argument unpersuasive.

{¶ 17} This court reviews felony sentencing under the standard set forth in R.C. 2953.08(G)(2), which provides that when reviewing felony sentences, a reviewing court "shall review the record, including the findings underlying the sentence . . . given by the sentencing court" and "may vacate the sentence and remand the matter to the sentencing court for resentencing" only if it "clearly and convincingly finds" that "the sentence . . . contrary to law."

{¶ 18} A sentence is contrary to law if it falls outside the statutory range for a particular offense or if the trial court fails to consider the purposes and principles of felony sentencing pursuant to R.C. 2929.11 and the sentencing factors pursuant to R.C. 2929.12. *State v. Black*, 2020-Ohio-3117, ¶ 13 (8th Dist.), citing *State v. Pawlak*, 2016-Ohio-5926, ¶ 58 (8th Dist.). Nevertheless, R.C. 2929.11 and 2929.12 are not factfinding statutes. *State v. Boyd*, 2020-Ohio-5181, ¶ 18 (8th Dist.). Furthermore, the sentencing court "has discretion to determine the most effective

way to comply" with the purposes and principles of felony sentencing. R.C. 2929.12(A).

{¶ 19} "R.C. 2929.12 provides a nonexhaustive and nonexclusive list of factors the court must consider when imposing a felony sentence." *State v. Riemer*, 2021-Ohio-4122, ¶ 16 (8th Dist.). Such factors relate to "the seriousness of the conduct," R.C. 2929.12(B) and (C), "the likelihood of the offender's recidivism," R.C. 2929.12(D) and (E), and "any other factors that are relevant to achieving th[e] purposes and principles of sentencing." R.C. 2929.12(A).

{¶ 20} Although the sentencing court must consider the sentencing factors set forth in R.C. 2929.12, the court is not required to make findings or give reasons supporting the factors when imposing a sentence that is not considered contrary to law. *Riemer* at ¶ 17, citing *State v. Reindl*, 2021-Ohio-2586, ¶ 24 (8th Dist.). Further, in *State v. Marcum*, 2016-Ohio-1002, the Ohio Supreme Court explained that an appellate court is permitted to review whether the trial court considered the R.C. 2929.12 factors but not to independently review the weight the trial court accorded each factor in its sentencing decision. A sentence is not contrary to law merely because the defendant disagrees with the way the trial court weighed and applied the R.C. 2929.12 factors in fashioning an appropriate sentence. *Reindl* at ¶ 25, citing *State v. Solomon*, 2021-Ohio-940, ¶ 115 (8th Dist.).

{¶ 21} A statement in the sentencing journal entry showing that the trial court considered the required statutory factors, without more, is sufficient to fulfill a trial court's obligations under the sentencing statutes. *State v. Whitehead*, 2021-

Ohio-847, ¶ 34 (8th Dist.), citing *State v. Seith*, 2016-Ohio-8302, ¶ 12 (8th Dist.). Moreover, "'[c]onsideration of the factors is presumed unless the defendant affirmatively shows otherwise.'" *Id.*, citing *Seith* at ¶ 12, and *State v. Keith*, 2016-Ohio-5234, ¶ 11 (8th Dist.).

{¶ 22} In this case, the trial court expressly stated in the sentencing journal entry the trial court that it had "considered all required factors of the law" and found "that a prison is consistent with the purpose of R.C. 2929.11." (J.E., Feb. 11, 2025.) Based on the foregoing, we find that the sentencing journal entry fulfills the trial court's obligations under both R.C. 2929.11 and 2929.12.

{¶ 23} Furthermore, although neither R.C. 2929.11 nor 2929.12 requires the trial court to make findings or give reasons for the sentence it imposes, the trial court explained its rationale for imposing the sentence during the sentencing hearing. The trial court stated as follows:

COURT: The Court has considered all this information [referring to the statements of counsel, Liotta's statement and the presentence investigative report, which included a 1988 homicide conviction for stabbing his ex-girlfriend to death and dumping her body in the lake; a 2007 domestic battery conviction; and a 2024 misdemeanor domestic violence threat], all the principles and purposes of felony sentencing, all the appropriate recidivism and seriousness factors. Sir, there are several things that concern me. Obviously, this was an extremely violent occasion and your . . . spouse, certainly whatever your expectations were for her, do not equate to you physically attacking her and also physically attacking and not cooperating with law enforcement.

What concerns me in your in your description here today about lowering expectations of other people just tells me

and shows me that you're someone who wants to control other people and you get very angry, especially when there's drinking involved. You haven't been successful in keeping yourself sober, and I see in your past a violent history and the potential harm to folks is extreme. For all these reasons, I'm going to find that you're not amenable to Community Control Sanctions.

(Tr. 27-28.) Based on the record before us, we cannot say that the trial court failed to consider the R.C. 2929.12 sentencing factors.

{¶ 24} Accordingly, Liotta's second assignment of error is overruled.

{¶ 25} In his third assignment of error, Liotta argues that the trial court failed to impose a definite term of PRC, thereby allowing the executive branch to act as judge in violation of Liotta's constitutional rights and the separation-of-powers doctrine. We find Liotta's argument unpersuasive because this court recently addressed this exact issue and rejected it in *State v. McFarland*, 2025-Ohio-3287 (8th Dist.).

{¶ 26} In *McFarland*, we conducted a thorough analysis of the relevant law and concluded that PRC is part of certain prison sentences, including felony offenses of violence, unlike the "bad-time" statute that was found to a violate the separation-of-powers doctrine because it was not part of a defendant's sentence and gave power to the executive branch to sentence a defendant. *McFarland* at ¶ 9-13.

{¶ 27} In the instant case, it is undisputed that Liotta's conviction for domestic violence is a third-degree felony "offense of violence" as defined in R.C. 2901.01(A)(9). "For a felony of third degree that is an offense of violence and is not a felony sex offense," a period of PRC is required for "up to three years, but not less

than one year." R.C. 2967.28(B)(4). Therefore, the trial court was required to sentence Liotta to a term of PRC, which is precisely what the trial court did at Liotta's sentencing hearing. The trial court stated that Liotta was subject to "a mandatory minimum of one year on [PRC] up to a maximum of 3 years of [PRC]." (Tr. 28 and J.E., Feb. 11, 2025.)

{¶ 28} Liotta also asserts that the trial court was required to order a definite term of PRC, as opposed to the statutory range. However, Liotta cites no Ohio law that supports his argument. In *McFarland*, we noted that there was no basis in law for McFarland's assertion that the trial court is required to give a definite term of PRC rather than the statutory range. *Id*. at ¶ 17. Therefore, we decline to insert an additional requirement into the PRC statute.

{¶ 29} Based on the foregoing, we find that sentencing Liotta to PRC does not violate the separation-of-powers doctrine. We further find that the trial court properly advised Liotta that he was subject to a mandatory minimum of one year up to a maximum of three years of PRC.

{¶ 30} Accordingly, Liotta's third assignment of error is overruled.

{¶ 31} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The appellant's

conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

LISA B. FORBES, P.J., and
ANITA LASTER MAYS, J., CONCUR