JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Darnell Whitfield, appeals his sentence. After a thorough review of the record, and for the reasons set forth below, we affirm.
 {¶ 2} The facts that gave rise to this appeal began on September 16, 2006, when appellant fled a police officer after the officer instructed him to pull over his vehicle. On October 3, 2006, the Cuyahoga County Grand Jury indicted appellant on one count of burglary, under R.C.2911.12; and one count of failure to comply with order or signal of a police officer, under R.C. 2921.331. On July 9, 2007, appellant pleaded guilty to failure to comply, a third degree felony. The state dismissed the burglary count.
 {¶ 3} At appellant's plea hearing, the trial court informed him that the penalty for his crime could be "one, two, three, four, or five years" in prison. The trial court also told him that R.C. 2921.331
required that his sentence run consecutively to any other sentence he had. Appellant entered his guilty plea. The trial court sentenced appellant to a one-year term in prison (the minimum sentence), to be run consecutively to a four-year prison term in an unrelated case.
 Review and Analysis {¶ 4} Appellant brings this appeal asserting one assignment of error for our review.
 {¶ 5} "I. The trial court's imposition of a prison sentence on appellant following his guilty plea to R.C. 2921.331 was contrary to law." *Page 4 
 {¶ 6} Appellant specifically argues that the trial court erred in imposing his sentence when it failed to consider a blended prison and community control sanction. This argument is without merit.
 {¶ 7} Appellate courts review sentences de novo. State v. Tish, Cuyahoga App. No. 88247, 2007-Ohio-1836, at ¶ 12. "A defendant's sentence will not be disturbed on appeal unless the reviewing court finds, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. Clear and convincing evidence is that which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." (Internal citations omitted.) State v. Tenbrook, Cuyahoga App. No. 89424, 2008-Ohio-53, at ¶ 9, citing State v. Samuels, Cuyahoga App. No. 88610, 2007-Ohio-3904, at ¶ 7.
 {¶ 8} After the Ohio Supreme Court's decision in State v. Foster, 109 St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, a trial court is no longer required to make findings at the sentencing hearing. State v.Dowell, Cuyahoga App. No. 88864, 2007-Ohio-5534, at ¶ 6; State v.Harrison, Cuyahoga App. No. 88957, 2007-Ohio-3524, at ¶ 27. "Trial courts are vested with discretion to impose a prison term within the statutory range." Id. However, a court must carefully consider the applicable statutes in felony cases. Id. The applicable statues are R.C.2929.11, which indicates the purposes of sentencing, and R.C. 2929.12, which lists factors the trial court should consider relating to the seriousness of the offense. Id. *Page 5 
 {¶ 9} Under R.C. 2929.11(A), "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." Under R.C. 2929.11(B), "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing ***, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." In State v. Oko, Cuyahoga App. No. 87539, 2007-Ohio-538, this court held that "R.C.2929.11 does not require a trial court to make findings on the record, *** ."
 Factors {¶ 10} Appellant argues that the trial court failed to consider the factors under R.C. 2921.331(C)(5)(b) before imposing his prison sentence. Under R.C. 2921.331(C)(5)(b), the trial court "shall consider, along with the factors set forth in sections 2929.12 and 2929.13 of the Revised Code that are required to be considered," other factors including, but not limited to: the duration of the pursuit; the distance of the pursuit; the rate of speed; whether the offender failed to stop for traffic lights or stop signs during the pursuit; whether the offender committed a moving violation during the pursuit; and any other relevant factors indicating that the offender's conduct is more serious than conduct normally constituting the offense. R.C.2921.331(C)(5)(b)(i)-(ix). *Page 6 
 {¶ 11} First, we note that this court has found that "the [trial] court is not required by statute or otherwise to state its considerations of those statutory factors on the record, nor to make any specific findings in relation thereto." State v. Anderson, Cuyahoga App. No. 83285, 2004-Ohio-2858, at ¶ 22. Further, the trial court imposed a minimum sentence in this case. Therefore, we find that the trial court did not err when it failed to make specific findings on the record.
 Community Control {¶ 12} Appellant also argues that the trial court could have imposed a blended sentence of community control and prison, which is permitted by law. See State v. Molina, Cuyahoga App. No. 83166, 2004-Ohio-1110. However, while a court may impose a certain sentence, it is not required to do so. A review of the sentencing record indicates that the trial court considered many factors before ultimately deciding to sentence appellant to the minimum sentence.
 {¶ 13} The trial court outlined appellant's past offenses, which included a rape charge that was dismissed in 1991; charges for carrying a concealed weapon and having a weapon while under disability in 1991; a drug case that resulted in probation that appellant ultimately violated; a drug abuse case where appellant received 18 months; and a burglary charge in 2002. Appellant's lawyer told the court that appellant had a job, paid taxes, and was a productive citizen. The trial court responded that he ordinarily considers leniency "the first time somebody's been to prison, [but that] when somebody has already been down two or three times, *Page 7 
I'm much less willing to grant that"; however, he ultimately indicated that he would "keep an open mind."
 {¶ 14} At the sentencing hearing, the trial court stated: "I don't want to minimize the seriousness of anything you've done in these cases." He then went on to sentence appellant stating: "You will again get the minimum, which is one year for a third degree felony,***." Further, in its journal entry, the trial court stated that "prison is consistent with the purposes of R.C. 2929.11."
 {¶ 15} Appellant received the minimum sentence in this case. The trial court did not have to make findings on the record to support the sentence. A review of the record shows that the trial court heard from both sides and appropriately considered appellant's criminal history in determining that prison was consistent with R.C. 2929.11. Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 8 
MELODY J. STEWART, J., CONCURS;
 SEAN C. GALLAGHER, P.J., CONCURS IN JUDGMENT ONLY *Page 1