[Cite as *State v. Seith*, 2016-Ohio-8302.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104510**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# BRIAN SEITH

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED IN PART; VACATED IN PART AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-578393-A and CR-14-590021-A

**BEFORE:** Kilbane, J., Jones, A.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 22, 2016

**ATTORNEY FOR APPELLANT**

Daniel J. Misiewicz
Law Office of Daniel J. Misiewicz
614 W. Superior Avenue - Suite 1300
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Christine M. Vacha
Frank Romeo Zeleznikar
Assistant County Prosecutors
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

**{¶1}** Defendant-appellant, Brian Seith ("Seith"), appeals from the consecutive maximum sentences imposed for driving under the influence ("OVI") and drug possession, following his violation of community control sanctions in two separate cases. For the reasons set forth below, we affirm the trial court's imposition of maximum prison terms in both cases, but we vacate the imposition of consecutive sentences and remand the matter to the trial court for the limited purpose of considering whether consecutive sentences are appropriate under R.C. 2929.14(C)(4).

## Case No. CR-13-578393-A

**{¶2}** On October 7, 2013, Seith was indicted in Case No. CR-13-578393-A on one count of possession of less than one gram of heroin, a fifth-degree felony. On December 3, 2013, Seith entered a guilty plea to the charge. The trial court "accept[ed] the guilty plea but made no findings of guilt," then stayed the proceedings and permitted Seith to participate in drug and alcohol intervention in lieu of conviction for one year. The court sentenced Seith to one year of community control, including abstaining from drugs and alcohol, and to submit to random drug and alcohol testing.

**{¶3}** On January 15, 2015, however, the trial court held a community control violation hearing, at which it terminated treatment in lieu of conviction, and found Seith guilty of drug possession. The court then proceeded to sentence Seith to two years of community control sanctions, which included inpatient drug and alcohol treatment,

random drug testing, attendance of Alcoholics Anonymous meetings, and other provisions. The trial court also suspended Seith's driver's license. Additionally, the court advised Seith that violation of the terms and conditions of community control could result in a 12-month prison term, plus three years of postrelease control sanctions.

## Case No. CR-14-590021-A

{¶4} On October 15, 2014, Seith was indicted in Case No. CR-14-590021-A. In Count 1, Seith was charged with OVI and refusal to submit to chemical tests, with a furthermore specification alleging that Seith had previously been convicted of driving under the influence of drugs or alcohol three times within the past six years. In Count 2, he was charged with tampering with evidence.

{¶5} On December 17, 2014, after the state amended the indictment to delete the allegation in Count 1 that Seith refused to submit to chemical tests, Seith pled guilty to fourth-degree felony OVI. The state nolled Count 2, the charge of tampering with evidence. The court sentenced Seith to two years of community control, which required him to abstain from drugs and alcohol and to submit to random drug and alcohol testing. Additionally, the court ordered Seith to participate in inpatient drug and alcohol treatment and attend Alcoholics Anonymous meetings. The trial court also suspended Seith's driver's license. Additionally, the court advised Seith that a violation of the terms and conditions of community control could result in 18 months of imprisonment, plus three years of postrelease control sanction.

## Violation of Community Control Sanctions

**{¶6}** In August 2015, Seith tested positive for illegal drugs. The trial court determined that Seith violated the terms of community control in both Case Nos. CR-13-578393 and CR-14-590021. The court then continued community control but placed Seith on home detention for 90 days. Later that same month, Seith again tested positive for illegal drugs. On September 8, 2015, the trial court continued community control, but warned Seith that he now faced 30 months in prison, the combined totals of the sentences in both pending cases.

**{¶7}** One month later, however, on October 21, 2015, the court found that Seith had again violated the terms of community control by using illegal drugs. The court continued community control, but remanded Seith and ordered him to complete a community-based correctional facility program. At a prerelease hearing on February 4, 2016, the court noted that Seith would be released pending successful completion of the community based correctional facility program. However, two months later, on April 28, 2016, the court found Seith in violation of community control sanctions after Seith overdosed on heroin and was revived. On that date, the trial court sentenced Seith to 12 months of imprisonment in Case No. CR-13-578393, and ordered that this term be served consecutively to an 18-month term imposed in Case No. CR-14-590021.

**{¶8}** Seith now appeals and assigns the following two errors for our review:

### Assignment of Error One

The trial court's imposition of maximum sentences was contrary to
     law.

### Assignment of Error Two

The trial court erred by imposing consecutive sentences.

Appellate Review of Sentences under R.C. 2953.08

**{¶9}** In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2), rather than an abuse of discretion standard. *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either (1) the record does not support certain specified findings or (2) the sentence imposed is contrary to law. An appellate court does not review a trial court's sentence for an abuse of discretion. *Marcum* at ¶ 10.

**{¶10}** In accordance with R.C. 2953.08(A)(1), Seith is entitled to appeal as of right the maximum sentence imposed on his convictions.

Maximum Terms

**{¶11}** In his first assignment of error, Seith complains that the trial court erred in imposing maximum sentences because he had no prior felony record and he arranged to participate in intensive inpatient treatment at the time of sentencing. Seith further complains that the court did not consider the factors set forth in R.C. 2929.11 and 2929.12.

**{¶12}** A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law as long as the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in

R.C. 2929.11 and the seriousness and recidivism factors set forth R.C. 2929.12. *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 10, 16; *State v. Carrington*, 8th Dist. Cuyahoga No. 100918, 2014-Ohio-4575, ¶ 22, citing *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7. Although a trial court must consider the factors in R.C. 2929.11 and 2929.12, they are not fact-finding statutes. *Keith* at ¶ 11. The court is not required to make specific findings on the record regarding its consideration of those factors or state its reasons for imposing a maximum sentence, or for imposing a particular sentence within the statutory range. *Keith* at ¶ 11. Consideration of the factors is presumed unless the defendant affirmatively shows otherwise. *Id.* at ¶ 11, citing *State v. Stevens*, 1st Dist. Hamilton No. C-130278, 2013-Ohio-5218, ¶ 12. Further, a trial court's statement in its sentencing journal entry that it considered the required statutory factors alone is enough to fulfill its obligations under R.C. 2929.11 and 2929.12. *Id.*, citing *State v. Sutton*, 8th Dist. Cuyahoga Nos. 102300 and 102302, 2015-Ohio-4074 and *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112.

{¶13} In Case No. CR-13-578393, Seith was convicted of drug possession in violation of R.C. 2925.11(A), a fifth-degree felony. *See* R.C. 2925.11(C)(6). The trial court's 12-month sentence for this offense is within the statutory range of six to twelve months. *See* R.C. 2929.14(A)(5). In Case No. CR-14-590021, Seith was convicted of driving under the influence in violation of R.C. 4511.19(A)(1)(a), a fourth-degree felony. His 18-month sentence is within the statutory sentencing range of six to eighteen

months.   R.C. 2929.14(A)(4).

{¶14} Additionally, in the sentencing journal entries issued in both Case Nos. CR-13-578393 and CR-14-590021, the court stated that it "considered all required factors of law."   The court's statement in its journal entry is enough to find that the court considered R.C. 2929.11 and 2929.12 factors. *See Keith,* 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, at ¶ 11.   Therefore, the trial court's imposition of the maximum terms in both Case Nos. CR-13-578393 (12 months) and CR-14-590021(18 months) is not contrary to law.

{¶15} The first assignment of error is without merit.

Consecutive Sentences

{¶16} In his second assignment of error, Seith asserts that the trial court erred in imposing consecutive sentences.   He complains that the trial court stated that the sentences were to "protect" Seith, rather than the public, and did not meet the requirements of R.C. 2929.14(C).

{¶17} Before a trial court may impose consecutive sentences, the court must first make specific findings mandated by R.C. 2929.14(C)(4) and incorporate those findings in the sentencing entry.   *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.   Under R.C. 2929.14(C)(4), the court must engage in a three-step analysis when imposing consecutive sentences, finding that consecutive sentences are:   1) necessary to protect the public from future crime or to punish the offender, 2) are not disproportionate to the seriousness of the offender's conduct and to the danger the

offender posses to the public, and 3) the court must also find one of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

{¶18} Trial courts are required to make the necessary statutory findings when imposing consecutive sentences, but they have no duty to give reasons in support of those findings. *Bonnell* at ¶ 24. An appellate court may vacate an order of consecutive sentences if it clearly and convincingly finds that the record does support consecutive sentences under R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(a).

{¶19} At the sentencing hearing in this matter, the trial court stated as follows:

> I have to be compassionate so along those lines I would do that. So doing[,] I think the only way we're ever going to stall your death from overdose is by putting you in the penitentiary and so that's what we're going to do.

> I'm going to terminate your probation in Case 578393. I'm going to terminate your probation and impose a 12-month sentence. In Case 590021 I'm also going to terminate probation and impose an 18-month sentence. I'm going to run those sentences consecutive to each other. I do find that consecutive sentences are necessary to protect the public; really to

protect yourself. And you've clearly proven that you're not able to beat this.

The seriousness of your conduct and the danger you pose to the public merits a consecutive sentence subject to the PRC provision that we talked about earlier or before which is to say that if you violate any PRC rule or condition, you could be subject to a more restrictive rule or condition, a longer duration of supervision, or subjected to prison even though you've done all the time I originally sentenced you to.

It's a shame. I'm not looking to do it to penalize him. I'm not trying to penalize you, just trying to keep you alive. You'll figure it out or you'll die. Take your pick.

{¶20} The court's remarks during sentencing clearly demonstrate that the trial court found that the consecutive sentences are necessary to protect the public from future crime or to punish the offender and are not disproportionate to the seriousness of the offender's conduct. The court made two of the findings required under R.C. 2929.14(C)(4); however, although its journal entries set forth all of the required findings, the court, during sentencing, did not make the third finding required under R.C. 2929.14(C)(4).

{¶21} Therefore, we conclude, and the state concedes, that the trial court did not make all of the required R.C. 2929.14(C)(4) findings before imposing consecutive sentences in this matter. The second assignment of error is well taken.

{¶22} Accordingly, the trial court's imposition of maximum prison terms is affirmed, the imposition of consecutive terms is vacated, and the matter is remanded to the trial for the limited purpose of considering whether consecutive sentences are

appropriate and, if so, to make the findings required by R.C. 2929.14(C)(4) on the record and to incorporate those findings into the sentencing entry.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

LARRY A. JONES, SR., A.J., and
EILEEN T. GALLAGHER, J., CONCUR