[Cite as *State v. Robinson*, 2022-Ohio-3033.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 110467 |
| v. | : | |
| DAVID E. ROBINSON, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** August 31, 2022

Cuyahoga County Court of Common Pleas
Case No. CR-19-643101-A
Application for Reopening
Motion No. 556857

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory Ochocki, Assistant Prosecuting Attorney, *for appellee.*

David E. Robinson, *pro se.*

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} Applicant, David E. Robinson, seeks to reopen his appeal in *State v. Robinson*, 8th Dist. Cuyahoga No. 110467, 2022-Ohio-1311. He claims that appellate counsel was ineffective for not arguing issues related to speedy trial and

the imposition of a no-contact order at sentencing. For the reasons that follow, we deny his application.

## I. Factual and Procedural History

{¶ 2} Appellant was charged with seven counts related to the abuse of his two children. Charges included multiple counts of endangering children, gross sexual imposition, and obstructing official business. Appellant eventually pled guilty to one second-degree-felony count of endangering children, one third-degree-felony count of endangering children, and one fifth-degree-felony count of obstructing official business. On September 3, 2020, the trial court imposed a prison sentence of 5 years for the first count, 18 months for the second count, and a period of community-control supervision of 60 months for the final count. As a part of the community-control sanction, the trial court ordered that appellant have no contact with the victim or victims. He was also ordered to pay restitution to several municipalities that had expended resources searching for appellant's children after he reported them missing. Appellant then appealed.

{¶ 3} In his direct appeal, appellant's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct.1396, 18 L.Ed.2d 493 (1967). Appellant was alerted and given an opportunity to file a pro se brief, which he did. He assigned six errors for review. The assigned errors included a claim of ineffective assistance of trial counsel, challenged the order of restitution and the length of sentence, claimed coercion of his guilty pleas, and argued that his speedy trial rights were violated. *Robinson* at ¶ 17.

{¶ 4} On April 21, 2022, this court journalized a decision overruling each of these pro se assignments of error, affirming appellant's convictions, and remanding the case to the trial court for the limited purpose of correcting the order of restitution in the sentencing entry, nunc pro tunc. *Id.*, 8th Dist. Cuyahoga No. 110467, 2022-Ohio-1311, at ¶ 82-83, 99.

{¶ 5} On July 15, 2022, appellant filed an application for reopening proposing the following assignments of error:

> I. Ineffective assistance of counsel, as appellant was deprived of his right to a speedy trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.
>
> II. The trial court erred with imposing a no contact order and a prison term requiring the no contact order be vacated as a no contract order is a community control sanction.
>
> III. The trial court erred in [imposing] a sentence, which included both a prison term and community control sanctions at the same time for separate offenses, thus the trial court imposed a split sentence.
>
> IV. The trial court erred in [imposing] a sentence, which included both a no-contact order and a prison term to run concurrently.

(Brackets sic.)

The state timely filed a brief in opposition, arguing that appellant represented himself pro se in the appeal and cannot rely on his own ineffectiveness in reopening.

## II. Law and Analysis

### A. Standard for Reopening

{¶ 6} App.R. 26(B) provides a limited means of a claim of ineffective assistance of appellate counsel in an appeal from a criminal conviction. App.R. 26(B)(1). "Claims of ineffective assistance of appellate counsel under App.R. 26(B)

are subject to the two-pronged analysis enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." *State v. Leyh*, 166 Ohio St.3d 365, 2022-Ohio-292, 185 N.E.3d 1075, ¶ 17. Under the *Strickland* standard, the applicant must show that "(1) appellate counsel's performance was objectively unreasonable, [*Strickland*] at 687, and (2) there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' [*Strickland*] at 694." *Leyh* at ¶ 18, citing *Smith v. Robbins*, 528 U.S. 259, 285-286, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.*, quoting *Strickland* at 694.

> The application for reopening "shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). The burden is on the applicant to demonstrate a "genuine issue" as to whether there is a "colorable claim" of ineffective assistance of appellate counsel.

*Leyh* at ¶ 21, citing *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998).

## B. *Anders* and App.R. 26(B)

{¶ 7} Appellant acted pro se in his appeal. This court has held that "[a] claim of ineffective assistance of appellate [counsel] is not available where an appellant acts pro se in an appeal." *State v. Walton*, 8th Dist. Cuyahoga No. 106103, 2018-Ohio-4021, ¶ 5, citing *State v. Thornton*, 8th Dist. Cuyahoga No. 76014, 2000 Ohio App. LEXIS 1037 (Mar. 9, 2000); *State v. Westbrook*, 4th Dist. Scioto No. 11CA3455, 2012-Ohio-6292. *See also State v. Tharp*, 8th Dist. Cuyahoga No. 104216, 2017-Ohio-2750, ¶ 2 ("[T]he scope of App.R. 26(B) is limited to a claim of

ineffective assistance of appellate counsel, and a defendant who represents himself on appeal cannot later argue his own ineffectiveness in an application to reopen under App.R. 26(B).").  This is the state's sole argument in opposition to the application to reopen.

{¶ 8} However, in *Walton*, we also recognized that it may be inequitable to deny relief in reopening where an applicant was forced to proceed pro se in the appeal because appointed counsel withdrew pursuant to *Anders*.  *Walton* at ¶ 7. This court went on to analyze the proposed assignment of error, found that it lacked merit, and found that the applicant did not present a colorable claim of ineffective assistance of counsel.  Therefore, whether it would be inequitable to deny relief in reopening may depend on the proposed assignments of error raised.  We will examine the proposed errors with an eye toward such a determination.

### C. Speedy Trial

{¶ 9} In his first proposed assignment of error, appellant claims trial counsel was ineffective for not arguing that his speedy trial rights were violated.  However, appellant raised a speedy trial assignment of error in his direct appeal.  This court overruled the assigned error.  We started off by recognizing that appellant waived his statutory speedy trial rights by pleading guilty.  *Robinson*, 8th Dist. Cuyahoga No. 110467, 2022-Ohio-1311, at ¶ 60.  We then went on to fully analyze his constitutional speedy trial rights using the factors outlined in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).  *Id.* at ¶ 63-73.  We concluded that appellant's right to a speedy trial was not violated.  *Id.* at ¶ 73. Further, a guilty

plea also waives a claim of ineffective assistance of counsel based on statutory speedy trial rights. *State v. Bateman*, 4th Dist. Jackson No. 19CA13, 2021-Ohio-57, ¶ 9; *State v. Goodwin*, 8th Dist. Cuyahoga No. 93249, 2010-Ohio-1210, ¶ 10.

{¶ 10} "Res judicata bars the relitigation of an issue that was previously addressed, even if cast in a slightly different form." *State v. Barnes*, 8th Dist. Cuyahoga Nos. 108857, 108858, and 109321, 2020-Ohio-4988, ¶ 13. Issues previously addressed on appeal are not subject to a second review in reopening. *Id.*, citing *State v. McGee*, 8th Dist. Cuyahoga No. 91638, 2009-Ohio-6637, ¶ 13, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Therefore, this claim may not form the basis of a colorable claim of ineffective assistance of appellate counsel.

### D. No-Contact Order

{¶ 11} In his second, third, and fourth proposed assignments of error, appellant makes various claims that the trial court erred in imposing a no-contact order as a part of his sentence. The arguments appellant makes and the cases cited in support are inapposite.

{¶ 12} A trial court may not impose a prison term and community-control sanction for the same offense. *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512. This includes a prison term and a no-contact order. *Id.* at ¶ 32. A court may also not impose a community-control sanction on one count consecutive to a prison term on another count absent statutory authority. *State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d 164, ¶ 25. However, the Supreme Court of Ohio has held that a court may impose both a prison term for one

offense and a community-control term for another offense in the same case. *State v. Paige*, 153 Ohio St.3d 214, 2018-Ohio-813, 103 N.E.3d 800, ¶ 9. The *Paige* Court went on to hold that the trial court could not impose what amounted to a consecutive term of commitment to a community-based correctional facility after release from prison. *Id.* at ¶ 13.

{¶ 13} In the present case, the trial court imposed a period of 60 months of community-control supervision for the count of obstructing official business. As a part of this sentence of community control, the court imposed a no-contact order with the victims. Prison sentences were imposed for the second-degree- and third-degree-felony counts to which appellant pled guilty. The court imposed a 5-year prison sentence and an 18-month prison sentence, respectively. The court did not impose a prison sentence together with a community-control sanction for the same offense as appellant claims. The different sanctions were imposed for separate offenses. This does not constitute a split sentence. *Paige* at ¶ 6. Nor did the court impose a community-control sanction consecutive to a prison term.

{¶ 14} None of cases cited above resemble the sanctions imposed in the present case. A trial court may appropriately impose a term of community-control supervision for one count concurrent to a prison term for another count. *Paige* at ¶ 9. That is what occurred here. Therefore, appellant's last three proposed assignments of error do not set forth a colorable claim of ineffective assistance of appellate counsel.

{¶ 15} All of appellant's proposed assignments of error could have been raised by him in his pro se appellate brief. Further, none indicate that his appointed appellate counsel was ineffective when counsel filed an *Anders* brief. Appellant's proposed assignments of error also fail to demonstrate a genuine issue of ineffective assistance of appellate counsel. Therefore, appellant's application for reopening is denied.

{¶ 16} Application denied.

_____
FRANK DANIEL CELEBREZZE, III, JUDGE

SEAN C. GALLAGHER, A.J., and
MICHELLE J. SHEEHAN, J., CONCUR