**[Cite as *State v. Gonzalez*, 2023-Ohio-4466.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 23CA011984 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOSE GONZALEZ | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 22CR107818 |

DECISION AND JOURNAL ENTRY

Dated: December 11, 2023

HENSAL, Judge.

{¶1} Jose Gonzalez appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} Mr. Gonzalez pleaded no contest to one count of failure to comply with an order or signal of a police officer, a third-degree felony. At his plea hearing, the trial court learned he was already serving a prison sentence on an unrelated matter in Stark County. The State asked the trial court to impose a prison term on him and run that term consecutively with the one he was already serving. Over Mr. Gonzalez's objection, the trial court sentenced him to one year in prison and ordered the consecutive service the State requested. Mr. Gonzalez now appeals his sentence and raises one assignment of error for review.

II.

ASSIGNMENT OF ERROR

THE COURT'S CONSECUTIVE SENTENCE IN THE INSTANT MATTER WAS INCORRECTLY DEEMED MANDATORY IN NATURE PURSUANT TO R.C. 2921.331.

{¶3}    In his assignment of error, Mr. Gonzalez argues the trial court erred as a matter of law when it ordered his one-year prison sentence to run consecutively with the sentence he received in Stark County.  We do not agree.

{¶4}    When reviewing a felony sentence, "[t]he * * * standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2). "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that: (1) "the record does not support the trial court's findings under relevant statutes[,]" or (2) "the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.  Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶5}    Revised Code Section 2931.331 governs the offense of failure to comply with an order or signal of a police officer.  If the crime is sentenced as a third-degree felony and a prison sentence is imposed, "the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender." R.C. 2921.331(D).  The State argued that the foregoing language required the trial court to run any prison sentence it imposed on Mr. Gonzalez consecutively with his prison sentence in the Stark County matter.  Mr. Gonzalez objected to that interpretation of the statute.  He argued that Section 2921.331(D) only applies when a trial court is sentencing an offender to multiple prison terms in a single case.  He argued

that the statute does not apply when an offender is already serving a prison sentence in an unrelated criminal matter. Mr. Gonzalez maintains his argument on appeal.

{¶6} This Court must apply statutes as written, according to their plain language. *State v. Taylor*, 9th Dist. Summit No. 28091, 2016-Ohio-7953, ¶ 11. The plain language of Section 2921.331(D) requires offenders to serve any prison term imposed under that statute "consecutively to *any other prison term * * * imposed upon the offender*." (Emphasis added.) The statute does not contain language limiting its application to prison terms imposed in connection with a single case. Further, even assuming one could find the statute's italicized language ambiguous, Section 2929.14 expressly addresses sentencing under Section 2921.331(D). Section 2929.14 provides, in relevant part:

> If a prison term is imposed for * * * a felony violation of division (B) of section 2921.331 of the Revised Code, the offender shall serve that prison term consecutively to any other prison term or mandatory prison term *previously or subsequently imposed upon the offender*.

(Emphasis added.) R.C. 2929.14(C)(3). A reading of the two statutes in pari materia makes the application of Section 2921.331(D) clear. *See State v. Bryant*, 160 Ohio St.3d 113, 2020-Ohio-1041, ¶ 26. The statute requires a trial court imposing a prison term on an offender to run that term consecutive to any other prison term imposed on the offender, regardless of when that other prison term was imposed. *See State v. Rose*, 2d Dist. Champaign No. 2020-CA-28, 2021-Ohio-2859, ¶ 5; *State v. Perry*, 8th Dist. Cuyahoga No. 101667, 2015-Ohio-1542, ¶ 11; *State v. Jeffery*, 5th Dist. Richland No. 10 CA 120, 2011-Ohio-2654, ¶ 48.

{¶7} Because the trial court sentenced Mr. Gonzalez to a prison term on his third-degree felony conviction under Section 2921.331, it was required to run that sentence consecutive to any other prison term imposed upon Mr. Gonzalez. *See* R.C. 2921.331(D). There is no dispute that Mr. Gonzalez was serving a prison term related to a matter in Stark County. Upon review, the trial

court did not err when it ordered Mr. Gonzalez to serve his one-year prison term consecutively with his sentence in the Stark County matter. As such, his assignment of error is overruled.

III.

**{¶8}** Mr. Gonzalez's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SUTTON, P. J.
FLAGG LANZINGER, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

BRETT F. MURNER, Attorney at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and MARK ANTHONY KOZA, Assistant Prosecuting Attorney, for Appellee.