[Cite as *State v. Bolden*, 2025-Ohio-2010.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 114504 |
| v. | : | |
| MARVIER BOLDEN, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** June 5, 2025

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-690050-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Krystal Hyojong Lee, Assistant Prosecuting Attorney, *for appellee.*

Law Office of Schlachet & Levy and Eric M. Levy, *for appellant.*

DEENA R. CALABRESE, J.:

{¶ 1} Defendant-appellant Marvier Bolden, indicted in connection with an aggravated robbery and a later police chase, entered guilty pleas to 3 of 12 counts. The trial court sentenced appellant to an aggregate prison term of 60-78 months,

plus restitution. Appellant now appeals, challenging several aspects of his sentencing. Finding merit to the appeal, we reverse and remand for further proceedings consistent with this opinion.

## I. Factual and Procedural History

{¶ 2} On January 7, 2024, appellant, a juvenile, entered a Lyft ride-sharing vehicle with another male and brandished a firearm. The driver exited, after which appellant took control of the vehicle and drove away. The following day, January 8, 2024, Cuyahoga Metropolitan Housing Authority officers spotted the stolen vehicle and began chase. Appellant sped away, making several quick turns in the stolen car. The pursuit lasted some ten minutes, with appellant ultimately exiting the still-running vehicle and fleeing on foot. The vehicle came to a stop after it crashed into a police cruiser. Police finally cornered and apprehended appellant.

{¶ 3} A complaint was initially filed against appellant in juvenile court, and the State sought a mandatory bindover to common pleas court. On March 26, 2024, the Cuyahoga County Grand Jury returned a 12-count indictment charging appellant with multiple felonies and misdemeanors, several with one- and three-year firearm specifications attached under R.C. 2941.141(A) and 2941.145(A). Appellant entered into a plea agreement, and on August 19, 2024, he pleaded guilty to three counts, specifically:

> Count 1, aggravated robbery, a felony of the first degree in violation of R.C. 2911.01(A)(1), with a one-year firearm specification;
>
> Count 5, having weapons while under disability, a felony of the third degree in violation of R.C. 2923.13(A)(2); and

Count 7, failure to comply with the order or signal of a peace officer, a felony of the third degree in violation of R.C. 2921.331(B).

{¶ 4} The trial court sentenced appellant on September 30, 2024. On Count 1, it imposed a mandatory prison term of 12 months on the one-year firearm specification to be served prior to and consecutive to the underlying offense, in which it imposed a minimum prison term of 36 months and a maximum of 60 months, to be served consecutively with all other counts. On Count 5, it imposed a prison term of 36 months, to be run concurrently with all counts. Finally, on Count 7, it imposed a prison term of 12 months, to be served consecutively with all other counts.

## II. Analysis

{¶ 5} Appellant raises a single assignment of error for our review:

The trial court erred and imposed a prison sentence which was contrary to law and not supported by the record where the trial court failed to consider a community control sanction and failed to find the required sentencing factors specific to an offense of failure to comply pursuant to R.C. 2921.331(C)(5)(b) and where its journal entry of sentence does not properly reflect what occurred at the actual sentencing hearing.

{¶ 6} Appellant divides his assignment of error into four distinct App.R. 16(A)(4) issues presented for review, with each issue essentially parsing out and arguing a discrete error. We address them accordingly.

### A. Issues 1 and 2 — R.C. 2921.331(C)(5)(b) Factors and Community Control

{¶ 7} We address appellant's first two arguments together. He frames the issues as follows:

Whether the record is unsupported or otherwise contains facts which would permit the trial court to consider and whether the trial court did consider the factors in R.C. 2921.331(C)(5)(b) prior to imposing sentence upon appellant for count seven, failure to comply with the order or signal of a peace officer.

Whether the trial court properly considered the possibility of a community control sanction prior to imposing what it referred to as a mandatory prison sentence.

{¶ 8} R.C. 2953.08(G)(2) governs an appellate court's review of a trial court's sentence. Pursuant to the statute, "'an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *State v. Evans*, 2021-Ohio-1411, ¶ 12 (8th Dist.), quoting *State v. Marcum*, 2016-Ohio-1002, ¶ 1. As this court has previously stated:

A sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies post-release control, and sentences a defendant within the permissible statutory range."

*State v. Thompson*, 2018-Ohio-1393, ¶ 7 (8th Dist.), quoting *State v. A.H.*, 2013-Ohio-2525, ¶ 10 (8th Dist.). *See also Evans* at ¶ 12. Furthermore, while "[t]he record must indicate that the trial court considered all relevant factors required by R.C. 2929.11 and 2929.12," the trial court "has no obligation to state reasons to support its findings." *Evans* at ¶ 13, citing *State v. Bonnell*, 2014-Ohio-3177, syllabus. This is because R.C. 2929.11 and 2929.12 "are not fact-finding statutes." *State v. Seith*, 2016-Ohio-8302, ¶ 12 (8th Dist.), citing *State v. Keith*, 2016-Ohio-5234, ¶ 11 (8th

Dist.). "[T]he court is not required to use particular language or make specific findings on the record regarding its consideration of those factors." *Id*. at ¶ 11. Indeed, "[t]rial courts . . . are not required to make factual findings on the record under R.C. 2929.11 or 2929.12" even "before imposing the maximum sentence." *State v. Gohagan*, 2019-Ohio-4070, ¶ 21 (8th Dist.), citing *State v. Kronenberg*, 2015-Ohio-1020, ¶ 27 (8th Dist.).

{¶ 9} Instead, "[c]onsideration of the factors is presumed unless the defendant affirmatively shows otherwise." *Seith* at ¶ 12, citing *Keith* at ¶ 11. "[A] trial court's statement in its sentencing journal entry that it considered the required statutory factors alone is enough to fulfill its obligations under R.C. 2929.11 and 2929.12." *Seith* at ¶ 12. *See also Evans* at ¶ 17, citing *Kronenberg* at ¶ 27.

{¶ 10} Appellant's arguments with respect to the trial court's consideration of community-control sanctions are somewhat confusing. It is unclear from the assignment of error whether appellant is arguing the trial court should have made a more detailed record with respect to the possibility of community-control sanctions as to both Count 1 (aggravated robbery, a felony of the first degree) and Count 7 (failure to comply, a felony of the third degree), or just with respect to Count 7. The sole assignment of error mentions "community control" without referencing a specific count. Appellant's statement of the second issue presented for review, however, questions whether the trial court considered the possibility of a community-control sanction "prior to imposing *what it referred to as a mandatory*

*prison sentence,*" which appears to be a reference to the trial court's remarks as to Count 7. (Emphasis added.)

{¶ 11} With respect to Count 1, the trial court informed appellant that it was required to sentence him to a prison term of one year for the attached one-year firearm specification, (tr. 29, 33-34, and 36), and that there was "a presumption of incarceration" on the underlying offense of aggravated robbery. (Tr. 35-36.) The trial court ultimately imposed a prison term on the underlying offense, stating on the record that it took into account "[R.C.] 2929.11 for the principles and purposes of sentencing, 2929.12 for the seriousness and recidivism factors, and 2929.13 and other Revised Code Sections for felony sentencing." (Tr. 96.) The trial court's sentencing entry likewise references R.C. 2929.11.

{¶ 12} Appellant directs our attention to *State v. Logan*, 2023-Ohio-3353 (8th Dist.). In *Logan*, this court, en banc, ruled that while trial courts were required to impose a definite, mandatory prison term on firearm specifications, this "does not also require the court to impose a mandatory prison term with respect to the underlying felony." *Id.* at ¶ 8. On May 21, 2025 — after the close of briefing and after oral argument in this case — the Ohio Supreme Court reversed this court's decision in *Logan* and held that "R.C. 2929.13(F)(8) requires a trial court to impose a prison sentence on an offender convicted of a felony offense that has a corresponding firearm specification." *State v. Logan*, 2025-Ohio-1772, ¶ 25. That reversal, however, does not moot appellant's argument that because of entanglements between Counts 1 and 7, we should reverse and remand for

resentencing on both counts. Given our disposition below of appellant's arguments as to Count 7, we agree that the sentencings on these counts are so interrelated that a full resentencing is required. Moreover, while the trial court had referred to a "presumption of incarceration" on the underlying felony in Count 1, *Logan* makes clear that a term of imprisonment is mandatory. This further supports a remand for a full resentencing.

{¶ 13} With respect to Count 7, appellant raises two issues. We first address appellant's argument that the trial court erred when it stated that it was required to impose a prison term for failure to comply if it "sentence[ed] [appellant] to prison on any other count." (Tr. 50.) In addition to that statement, made during the appellant's plea hearing, the trial court stated at sentencing that "if the Court sentences you to prison on the other counts," then "by law, [it] must give you some time on that failure to comply." (Tr. 75.)

{¶ 14} R.C. 2929.13(C), the code provision governing third-degree felonies, specifies no presumption in favor of or against imprisonment. "'[T]hird-degree felonies carry no presumption for either prison or community control.'" *State v. Rodriguez*, 2023-Ohio-805, ¶ 21 (8th Dist.), quoting *State v. Robinson*, 2013-Ohio-2698, ¶ 10 (8th Dist.). More to the point, R.C. 2921.331 does not mandate imprisonment for a felony of the third degree. The relevant subsection states: "*If* an offender is sentenced to a prison term for a violation of division (B) of this section, the offender shall serve the prison term *consecutively* to any other prison term or

mandatory prison term imposed upon the offender." (Emphasis added.) R.C. 2921.331(D).

{¶ 15} This court has described subsection (D) as a "consecutive sentence mandate." *State v. Perry*, 2015-Ohio-1542, ¶ 11 (8th Dist.). It means what it says, i.e., "any prison sentence imposed for a violation of R.C. 2921.331 would have to be served consecutively to sentences imposed for other counts[.]" *Id.* at ¶ 15. *See also State v. Harper*, 2017-Ohio-8963, ¶ 15 (1st Dist.) ("[W]hen a trial court has properly imposed a prison term for certain felony violations under R.C. 2921.331(B), by operation of law the term is required to be served consecutively to any other prison terms."); *State v. Gonzalez*, 2023-Ohio-4466, ¶ 6 (9th Dist.) ("The statute requires a trial court imposing a prison term on an offender to run that term consecutive to any other prison term imposed on the offender[.]").

{¶ 16} A "consecutive sentence mandate," however, is not the same as a "prison term mandate." In *Perry*, this court cited without criticism an exchange between defense counsel and the trial court that highlighted the difference:

> DEFENSE COUNSEL: I believe the count the State is offering, failure to comply 2921.331, although would require the sentence be run consecutive, it doesn't require a mandatory prison term be imposed. So thereby stating the way it was indicted by the State of Ohio, if the court still elected to impose a term of incarceration, then that term would have to run consecutive but it still is at the election of the court and the court's discretion.
>
> THE COURT: Right, I'm sorry, it's not mandatory to impose the prison term in Count 1 [failure to comply], but that if I do impose a prison term on Count [3] [trafficking in heroin], then also on Count 1 will run consecutively. That's what I was trying to say.

*Perry* at ¶ 3.

{¶ 17} In *State v. Shade*, 2022-Ohio-3845 (2d Dist.), the defendant entered into a global plea agreement with respect to two pending criminal cases, ultimately pleading to one count of failure to comply and one count of having weapons while under disability. "[T]he State and Shade agreed to a recommended sentence of no more than 24 months in prison." *Id.* at ¶ 2. In other words, while community control was an option on both counts, the plea agreement contemplated possible prison time. Shade argued that his plea was not knowing and voluntary "because the trial court did not inform him that a prison sentence for failure to comply is statutorily required to be served consecutively to other prison terms[.]" *Id.* at ¶ 8. The court wrote that "Shade's argument — that a court must inform a defendant that a sentence imposed pursuant to a R.C. 2921.331(D) must run consecutively to any other prison term is not a novel one and has been adopted by other Ohio appellate districts." *Id.* at ¶ 14. The court continued:

> He cites to *State v. Norman*, 8th Dist. Cuyahoga No. 91302, 2009-Ohio-4044. The *Norman* court stated that when a statute mandates that sentences be served consecutively, the consecutive nature "directly affects the length of the sentence, thus becoming a crucial component of what constitutes a 'maximum' sentence." *Id.* at ¶ 7. Put differently, when consecutive sentences are mandatory (as opposed to discretionary), a trial court must advise of that fact to achieve "substantial compliance" with Crim.R. 11(C). *See also State v. Mil[l]hoan*, 6th Dist. Lucas Nos. L-10-1328, L-10-1329, 2011-Ohio-4741.

*Id.* at ¶ 14. The *Shade* Court distinguished those cases, however, stating that "[t]he holdings of cases like *Norman* and *Mil[l]hoan* . . . only apply 'when the imposition of consecutive sentences is a foregone conclusion at the time the plea is entered and

accepted, that is, only in cases where "a mandatory, consecutive prison term was a guaranteed consequence of appellant's guilty plea."'" *Id*. at ¶ 15, quoting *State v. Millhoan*, 2011-Ohio-4741, ¶ 35 (6th Dist.), quoting *State v. Norman*, 2009-Ohio-4044, ¶ 9 (8th Dist.). The court concluded:

> Shade's receiving a prison sentence, let alone a consecutive one, was not a "foregone conclusion" when he entered into his plea agreement. Shade was informed that he was eligible for community control sanctions on both failure to comply and having weapons while under disability at the plea hearing, and his plea agreement included simply a "cap" of 24 months if prison were imposed. Further, failure to comply does not carry mandatory prison time (*see* R.C. 2921.331(D) — "* * * *if* the offender is sentenced to a prison term for that violation, the offender shall serve the prison term consecutively to any other prison term* * *."), so despite the *possibility* of incurring a consecutive sentence, it was not a "guaranteed consequence" of Shade's guilty plea.

(Emphasis in original.) *Shade* at ¶ 16.

{¶ 18} While *Shade* turned on the voluntariness of a plea, the Second District's intricate discussion of the interplay between various counts illuminates the issue in this case, i.e., the distinction between a consecutive-sentence mandate and a prison-term mandate. While it is tempting to discount *Shade* because of the fact that community control was a distinct possibility as to both counts, the court noted that failure to comply "does not carry mandatory prison time" immediately after noting the negotiated prison cap of 24 months. *Id*. This suggests the court's understanding that even if Shade had been sentenced to imprisonment on the separate count (having weapons while under disability), that did not require a mandatory prison term for failure to comply.

{¶ 19} "If the statute's language is plain and unambiguous, we apply it as written." *State v. Bollar*, 2022-Ohio-4370, ¶ 10, citing *Portage Cty. Bd. of Commrs. v. Akron*, 2006-Ohio-954, ¶ 52. R.C. 2921.331(D) is plain and unambiguous. It requires a trial court to impose consecutive sentences for violations of R.C. 2921.331(B), but only if a prison term is imposed.[1] Neither this nor any other code provision cited by the State requires the imposition of a prison sentence for failure to comply merely because a defendant is sentenced to a term of imprisonment on one or more completely distinct counts.

{¶ 20} The State offers no cases directly addressing this issue, and the cases it does discuss are inapposite. It cites *State v. Robinson*, 2022-Ohio-3033 (8th Dist.), for the proposition that "[a] court may . . . not impose a community-control sanction on one count consecutive to a prison term on another count absent statutory authority." *Id.* at ¶ 12, citing *State v. Hitchcock*, 2019-Ohio-3246, ¶ 25. In *Robinson*, however, immediately after explaining the import of *Hitchcock*, this court stated:

> However, the Supreme Court of Ohio has held that a court may impose both a prison term for one offense and a community-control term for another offense in the same case. *State v. Paige*, 153 Ohio St.3d 214, 2018-Ohio-813, 103 N.E.3d 800, ¶ 9. The *Paige* Court went on to hold that the trial court could not impose what amounted to a *consecutive* term of commitment to a community-based correctional facility after release from prison. *Id.* at ¶ 13.

---

[1] *See also* R.C. 2929.14(C)(3), which provides: "If a prison term is imposed for . . . a felony violation of division (B) of section 2921.331 of the Revised Code, the offender shall serve that prison term consecutively to any other prison term or mandatory prison term *previously or subsequently imposed on the offender*." (Emphasis added.)

(Emphasis added.) *Robinson* at ¶ 12.

{¶ 21} In this context, the key distinction is between consecutive and concurrent sentences. In *Paige*, the trial court sentenced the defendant to 42 months' imprisonment on a sexual-battery count and a concurrent term of 60 months of community control on a domestic-violence count. Paige argued "that the 'effective sentence' on the domestic-violence count is both a prison term and community-control supervision because the prison term is 'incorporated' into the term of community control as a result of the *concurrently* running sentences on each offense." (Emphasis added.) *Paige* at ¶ 7. The Court rejected Paige's argument that this was an improper split sentence:

> We agree with the state that the mere fact that the sentences on each offense were to run concurrently does not mean that the community-control sentence imposed on the domestic-violence count included a prison term. The prison term was imposed on the sexual-battery count, and a period of community-control supervision was imposed separately on the domestic-violence count. This complies with our recent decision in [*State v. Anderson*, 2015-Ohio-2089].

> Additionally, nothing in the sentencing statutes requires the duration of a community-control sanction to match that of a concurrent prison term. The only applicable requirement is that "[t]he duration of all community control sanctions imposed upon an offender under this division shall not exceed five years." R.C. 2929.15(A)(1). Thus, we do not accept the appellate court's conclusion that the length of the community-control sentence resulted in an improper split sentence here.

*Id.* at ¶ 9-10. This brings us full circle to *Robinson*, in which we cited *Paige* and held that "[a] trial court may appropriately impose a term of community-control supervision for one count *concurrent* to a prison term for another count." (Emphasis added.) *Robinson* at ¶ 14.

{¶ 22} Accordingly, we reject the State's argument that the trial court was barred from considering a community-control sanction with respect to Count 7. Under *Paige* and *Robinson*, the trial court had the discretion to impose a community-control sanction on Count 7 so long as it ran concurrently with the prison terms it imposed on other counts.

{¶ 23} We reverse because the trial court made it clear on the record that it believed "if the Court sentences you to prison on the other counts," then "by law, [it] must give you some time on that failure to comply." (Tr. 75.) This was erroneous. Moreover, it highlights the interplay between the various counts and necessitates a remand for full resentencing. The interrelationship between the sentences cannot be untangled at the appellate level on the record before us. Moreover, the Ohio Supreme Court has now provided further clarity with respect to any resentencing on Count 1. Finally, while appellant has not specifically argued that the trial court erroneously failed to consider a community-control sanction with respect to Count 5, having weapons while under disability, its sentence on that count was likewise intertwined with the remaining counts. The trial court's sentence is reversed, and the case is remanded for full resentencing.

{¶ 24} Appellant also argues that the trial court neglected to consider the factors listed in R.C. 2921.331(C)(5)(b) prior to sentencing appellant for failure to comply. Under that code provision:

> [T]he trial court "shall consider, along with the factors set forth in sections 2929.12 and 2929.13 of the Revised Code that are required to be considered," other factors including, but not limited to: the duration

of the pursuit; the distance of the pursuit; the rate of speed; whether the offender failed to stop for traffic lights or stop signs during the pursuit; whether the offender committed a moving violation during the pursuit; and any other relevant factors indicating that the offender's conduct is more serious than conduct normally constituting the offense.

*State v. Whitfield*, 2008-Ohio-3145, ¶ 10 (8th Dist.), quoting R.C. 2921.331(C)(5)(b).

{¶ 25} Whitfield, like appellant herein, argued that "the trial court failed to consider" the statutory factors. *Whitfield* at ¶ 10. The court rejected Whitfield's argument, noting that "'the [trial] court is not required by statute or otherwise to state its considerations of those statutory factors on the record, nor to make any specific findings in relation thereto.'" *Id.* at ¶ 11, quoting *State v. Anderson*, 2004-Ohio-2858, ¶ 22 (8th Dist.). In *Anderson*, as here, the defendant-appellant entered a guilty plea. Anderson's conduct while fleeing police "[was] recited by the State," which "afforded the court the opportunity to assess the seriousness of defendant's conduct under the requisite factors." *Id.* at ¶ 21. In addition to stating that the trial court was not required to make specific findings on the record, the *Anderson* Court held that the trial court "found defendant guilty of the charges based upon the facts presented by the State; therefore, the court necessarily considered those facts which fell within R.C. 2921.331(C)(5)(b)(i)-(ix)." *Id.* at ¶ 22.

{¶ 26} At the original sentencing hearing, the State recited multiple factors with respect to the danger caused by the car chase. (Tr. 77.) The trial court was not required to discuss its considerations of those factors on the record or make specific findings. The better practice, however, would be to reference R.C. 2921.331(C)(5)(b)

on the record and state that the trial court considered the requisite factors. This may be addressed at resentencing.

## B. Issue 3 — Conflict Between Sentencing Hearing and Journal Entry

{¶ 27} Appellant frames his third issue of law as follows:

Whether the trial court imposed a sentence contrary to law when it failed to impose a sentence in its sentencing journal entry that reflected what took place at the oral sentencing hearing.

{¶ 28} Here, appellant points to discrepancies between what actually occurred at the sentencing hearing and the ultimate written sentencing entry. Appellant argues that the journal entry does not accurately reflect what occurred at the sentencing hearing, and the matter must therefore be remanded to the trial court to issue a nunc pro tunc entry.

{¶ 29} More specifically, with respect to Count 1, at the sentencing hearing, the court imposed a one-year mandatory sentence on the firearm specification, to be served prior and consecutive to three years on the underlying offense, with a one-and-one-half-year Reagan Tokes tail, for a total of four to five and one-half years. This was to be served concurrently to the three years on Count 5, having weapons while under disability. As appellant points out, the trial court also imposed a sentence of 12 months on Count 7, to be served consecutively to Counts 1 and 5.

{¶ 30} The sentencing entry, however, specifies with respect to Count 1 that appellant is sentenced to "12 month(s) mandatory prison on the firearm specification specification(s) to be served prior to and consecutive to a minimum prison term of 36 month(s) *and a maximum 60 month(s)* on the base charge, to be

served *consecutively with all counts*." (Emphasis added.) Appellant argues, and the State concedes, that this was "merely a typographical error," and that the maximum on the base charge should read 54 months rather than 60 months. The reference to serving time on Count 1 "consecutively with all counts" is also erroneous. The sentencing transcript makes clear that Counts 1 and 5 were to be served concurrently.

{¶ 31} "'A trial court retains continuing jurisdiction to correct clerical errors in a judgment by nunc pro tunc entry to reflect that which actually was decided.'" *State v. Robinson*, 2022-Ohio-1311, ¶ 82-84 (8th Dist.), quoting *State v. Roberts*, 2017-Ohio-9014, ¶ 6 (8th Dist.), citing *State ex rel. Womack v. Marsh*, 2011-Ohio-229 ¶ 13. *See also* Crim.R. 36 ("Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time."). Because we reverse and remand for full resentencing, however, this error is moot.

{¶ 32} Appellant also argues that the trial court's sentencing entry contains an additional clerical error with respect to Count 5. Specifically, it states that the sentence of 36 months is to run "concurrently with all counts." Appellant notes that Count 5 is to run concurrently with Count 1, but consecutively to Count 7 because of the imposition of a prison sentence on Count 7. Once again, any error in this regard is rendered moot by our reversal and remand for resentencing.

## C. Issue 4 — Restitution

{¶ 33} Appellant's fourth and final issue of law presents this question:

Whether the trial court imposed a sentence contrary to law when it imposed restitution in its September 30, 2024, sentencing journal entry not imposed at the oral sentencing hearing.

{¶ 34} The trial court referred to restitution during the plea hearing, and the sentencing entry orders restitution to the victim in the amount of $500. Restitution, however, was not mentioned during appellant's sentencing hearing.

{¶ 35} Appellant argues that because restitution was not pronounced during the sentencing hearing, the order must be vacated and the case remanded with instructions that the trial court issue a nunc pro tunc entry permanently deleting the order of restitution in order to conform to what occurred at the sentencing hearing. The State argues that because restitution was part of the underlying plea agreement and was discussed at sentencing, restitution was properly imposed.

{¶ 36} Neither party is fully correct. This court addressed similar facts in *State v. Jones*, 2011-Ohio-453 (8th Dist.). In *Jones*, restitution was part of the plea agreement but was not announced at sentencing. The restitution order nevertheless found its way into the sentencing entry. This court held "that the trial court erred when it ordered restitution through its journal entry without verbalizing the order in Jones's presence during his sentencing hearing." *Id*. at ¶ 16. Accordingly, the court sustained the associated assignment of error, indicating that this "requires a remand for resentencing to order restitution in Jones's presence consistent with his plea agreement." *Id*. at ¶ 17.

{¶ 37} *Jones* is on point. The trial court may address the issue of restitution when it resentences appellant.

{¶ 38} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

DEENA R. CALABRESE, JUDGE

EILEEN A. GALLAGHER, A.J., and
EMANUELLA D. GROVES, J., CONCUR